MEYERS v. ACKER, MERRAL & CONDIT CO.

(Supreme Court, Appellate Term. January 14, 1910.)

1. RELEASE (§ 29*)—EFFECT—JOINT TORT-FEASORS.
    In case of joint tort-feasors, a release of one releases the other.
    [Ed. Note.—For other cases, see Release, Cent. Dig. § 64; Dec. Dig. § 29.*]

2. RELEASE (§ 29*)—EFFECT—JOINT TORT-FEASORS.
    Release of one on account of injury will not release another, unless they were in fact joint tort-feasors.
    [Ed. Note.—For other cases, see Release, Cent. Dig. §§ 64-70; Dec. Dig. § 29.*]

3. APPEAL AND ERROR (§ 931*)—REVIEW—PRESUMPTION AS TO FINDINGS.
    Where, in an action by the conductor of a street car against the owner of a wagon, a shaft of which struck plaintiff as the car passed it, the court, in refusing to dismiss the complaint, remarked that the release of one joint tort-feasor does not release another, thus indicating that, though plaintiff had released the street railway company, it was immaterial whether its motorman had been negligent in the matter of the accident, it cannot be assumed, on appeal from a judgment for plaintiff, that the court found that the motorman was not negligent, as to which the evidence was conflicting.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 931.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Louis J. Meyers against the Acker, Merral & Condit Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Lyman A. Spalding and Floyd K. Diefendorf, for appellant.
Paul N. Turner, for respondent.

GOFF, J. The plaintiff was a conductor of the Metropolitan Street Railway Company, on its Eighth Avenue line. While on the running board, collecting fares, he was struck and injured by a shaft attached to one of defendant's delivery wagons. At the moment of collision, plaintiff's car was within a short distance of Chambers street, going north. Defendant's wagon, which had been backed up against the east curb, drew out to go north, around an automobile truck, which was also against the east curb, to the north of the delivery wagon. There was space between the truck and the tracks for defendant's wagon to pass, but the horse's head projected over the track. There is evidence that the motorman of the car was looking downward at this moment, and made no attempt to stop. There is also evidence that defendant's driver looked at the motorman at this moment. Seeing that he was likely to be struck unless he should back, he did so, drawing his horse's head to the left and south, but did not back so far as to escape striking and injuring the plaintiff. On cross-examination of plaintiff, he admitted having signed a general release to the street car company, which was received in evidence.

At the conclusion of plaintiff's case, defendant moved to dismiss the complaint on the following grounds: That there was no proof of defendant's negligence, no proof of plaintiff's freedom from contributory negligence, and that plaintiff's release to the street railway company, as a joint tort-feasor, released defendant also. This motion was denied on each ground; the court remarking that the release of one joint tort-feasor does not release another. The court therefore found, in effect, as facts, that defendant was negligent, that plaintiff was not negligent, and that it was immaterial whether or not defendant and the street railway company were joint tort-feasors; that is to say, whether or not the motorman was also negligent. In this ruling there was error. Gilbert v. Finch, 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623, and cases there cited.

Ordinarily this court will assume that, on conflicting evidence, the trial court found every fact necessary to sustain its judgment. Hence, were it not for the error above noted, we should infer from the judgment that the trial court found as a fact that the motorman was not negligent; but here this court cannot make such an assumption, because the trial court found, in effect, that the question of negligence on the part of the motorman was immaterial. If the motorman was not negligent, the street railway company and defendant were not

joint tort-feasors. In that case, the release could not be properly pleaded by this defendant.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs.  LEHMAN, J., concurs in result.