right to maintain this action. In Lake v. Lake, 194 N. Y. 179, 87 N. E. 87, the Court of Appeals held that the Special Term had no power to award a counsel fee in a proceeding to amend the provision for alimony in a final judgment of divorce. There, however, the court declared that the basis upon which such an order rested, namely, the existence of the relationship of husband and wife, had been terminated by the judgment of divorce. A different question would have been presented if the application had been made after final judgment in an action for a separation, where the relationship of husband and wife still existed. I do not consider it necessary to determine the power of the court under such circumstances. The right to maintain the action in the case at bar is a common-law right, not dependent upon the provisions of the Code relative to counsel fees, but based upon the continuance of the marital status and the husband's common-law obligation to protect and support the wife therein. I am of the opinion that when the Legislature conferred jurisdiction upon the Supreme Court enabling it to refix the amount provided for the wife's support by final judgment in a separation action, the common-law liability of the husband continued, requiring him to pay for the legal services necessarily and properly employed by the wife in enforcing such legislative rights, in the same degree and to the same extent as in the case of similar services necessarily rendered in the action prior to final judgment.

The judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.

---

## PALUMBO v. L'ARALDO ITALIANO PUB. CO.

(Supreme Court, Appellate Division, First Department. April 12, 1912.)

1. DISCOVERY (§ 58*)—EXAMINATION OF ADVERSE PARTY—FORM OF ORDER.

An order directing examination of V., president of defendant, and not the examination of the party defendant, by its president, was incorrect in form.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 72; Dec. Dig. § 58.*]

2. DISCOVERY (§ 41*)—EXAMINATION OF ADVERSE PARTY—EXTENT.

In an action on a contract, by which defendant publisher agreed that plaintiff should have a certain amount of space in newspapers at certain rates for advertisement for himself or procured from others, defendant refusing to publish advertisements secured, the order for examination of defendant's president should have been limited to the amount of space claimed to have been used by plaintiff, or charged by defendant against him, at the time of the alleged breach, the names of advertisers claimed to have been charged against plaintiff, the date of advertisement, and the space and rate.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

Appeal from Special Term, New York County.

Action by Vincenzo Palumbo against L'Araldo Italiano Publishing Company. From an order denying defendant's motion to vacate or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

modify an order for the examination of its president, it appeals. Order reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

Louis O. Van Doren, of New York City, for appellant.

Jacob Newman, of New York City, for respondent.

DOWLING, J. The action is brought to recover damages for breach of a contract claimed to have been made January 21, 1908, by which defendant, the publisher of two newspapers in the city of New York known as "L'Araldo Italiano" and "Telegrafe," agreed that plaintiff should have the exclusive use, at his option, of 3,000 inches of space in either or both of said newspapers, at the price of 28 cents an inch for plaintiff's own advertisements and 40 cents an inch for those of third parties procured by plaintiff. Plaintiff claims that he had made use of but 898 inches of the total amount reserved to him, when he tendered to defendant, between the 23d and 25th days of October, 1909, certain political advertisements, aggregating 1,098 inches, for which plaintiff was to receive the sum of $7,135, but which defendant refused to publish, to plaintiff's damage in the sum of $6,-696.80.

[1] The original order was incorrect in form, for it directed the examination of John Vicario, president of defendant, and not the examination of the party defendant, by its president, which was the proper procedure. Jacobs v. Mexican Sugar Refining Company, 112 App. Div. 658, 98 N. Y. Supp. 542. But this was an irregularity which was properly cured by the court at Special Term by an amendment of the original order. Meade v. Southern Tier Masonic Relief Association, 119 App. Div. 764, 104 N. Y. Supp. 523. The particulars as to which the defendant's examination is sought are, however, too broad, and have no application to the issues as presented by the pleadings. Thereunder the plaintiff is bound to establish the making of the contract, its breach by defendant by its refusal to accept the political advertising on the dates mentioned in the complaint (October 23 to 25, 1909), that plaintiff then had under his option a sufficient amount of unused space in defendant's newspapers to cover the advertising tendered, and the damage he sustained by reason of the breach.

[2] The order appealed from must therefore be reversed, with $10 costs and disbursements, and the application to modify the original order of examination granted, without costs, to the extent of directing the examination of the defendant by John Vicario, its president, upon the following matters only: (a) The amount of total space claimed to have been used by plaintiff, or the advertisers procured by him, or charged by defendant against him or them, under the alleged contract for 3,000 inches of space, up to and including October 25, 1909. (b) The name of each advertiser claimed to have been charged by defendant against plaintiff's said option down to the date last mentioned, with the amount of space allotted to him, or to plaintiff, the date of each advertisement, and the amount of space it occupied, and the rate charged by defendant therefor. All concur.