Sarah Shifman, as Administratrix of the Estate of Rose Shifman, Deceased, Respondent, *v.* Robert T. Whalen, Appellant.

Motor vehicles — negligence — New York (city of) — plaintiff's intestate killed by motor truck at street crossing or intersection of streets — erroneous charge that Highway Law provides that driver of motor vehicle approaching street crossings at intersecting streets must give warning by blowing horn or giving some other signal " where the traffic officer is not on duty," and that such provision applied to the city of New York.

1. In an action brought by the administrator of an intestate killed by a truck while crossing a street in the borough of Brooklyn, New York city, at its intersection with another street, the trial court, after drawing the jury's attention to the fact that the driver of defendant's truck was at the time of the accident approaching a street crossing at intersecting streets, which compelled him not only to

have his truck under control, but to give timely warning of its approach, charged that the Highway Law (Cons. Laws, ch. 25, § 286, subd. 2) so required and that such law was applicable and that upon approaching an intersecting street "where the traffic officer is not on duty, every driver of a vehicle will slow down the same and give a timely signal with his horn or other signalling device." This was error; the words "where the traffic officer is not on duty" do not appear in the Highway Law; the portion of the law charged, except the words quoted, was added to the law by chapter 374 of the Laws of 1910 and re-enacted in 1918 and 1921, but when this provision was inserted in the law it was further enacted by section 288 of the law, still unchanged and in force, that nothing in the law should impair the validity or effect of any ordinance regulating the speed or management of motor vehicles adopted or prescribed in any city of the first class. New York is a city of the first class and having a comprehensive Code of Ordinances regulating street traffic which designedly omits any provisions requiring horns to be blown or some signal given at intersecting streets because inapplicable to the city of New York, other regulations being provided to prevent collision; therefore, the Highway Law does not apply to this case.

2. Section 286, subdivision 2, of the Highway Law, so far as it contains the provision under consideration, has, itself, been partially repealed or amended by its incorporation with certain changes in section 13, subdivision 2, of the General Highway Traffic Law, but aside from the fact that it is not applicable to New York city, it contains an exception by excluding the requirement " when a traffic officer is on duty."

*Shifman* v. *Whalen*, 200 App. Div. 878, reversed.

(Argued October 24, 1922; decided November 21, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 2, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Murray G. Jenkins, William B. Shelton* and *William Dike Reed* for appellant. This case was submitted to the jury upon the theory that there was some evidence that the defendant had violated certain provisions of the state Highway Law which were read to the jury. This law was not applicable. (*Thomson* v. *Gasteiger,*

199 App. Div. 744; *Thompson* v. *Fischer*, 188 App. Div. 878; *People* v. *Untermeyer*, 153 App. Div. 176; *People ex rel. Cavanagh* v. *Waldo*, 72 Misc. Rep. 416; 149 App. Div. 927; 205 N. Y. 589.)

*George M. Curtis, Jr., Joseph Force Crater* and *Harry W. Newburger* for respondent. There was no error committed by the trial court in its reference to the state Highway Law. (*People* v. *Magistrate's Court*, 190 N. Y. 315; *Thomson* v. *Gasteiger*, 199 App. Div. 744.)

McLAUGHLIN, J. On May 19, 1920, plaintiff's intestate, then about fourteen years of age, was killed while crossing Flushing avenue near its intersection with Franklin avenue in the borough of Brooklyn, by defendant's automobile truck. This action was brought to recover the damages sustained by reason of her death, upon the ground that the same was due to the negligence of the defendant. The plaintiff had a verdict for a substantial sum and from the judgment entered thereon an appeal was taken by defendant to the Appellate Division, which unanimously affirmed the judgment. The appeal to this court followed.

The unanimous affirmance of the judgment by the Appellate Division withdraws from our consideration the question of defendant's negligence and the intestate's contributory negligence. There is left, however, one question which is raised by an exception to the charge which it is necessary to consider. The trial court, after drawing the jury's attention to the fact that the driver of defendant's truck was, at the time of the accident, approaching a street crossing at intersecting streets, which compelled him not only to have his truck under control, but to give a timely warning of its approach, charged that the Highway Law [Cons. Laws, ch. 25] (sec. 286, subd. 8) so required and that such law was applicable. He said: " Upon approaching a pedestrian who is on the traveled part of any street and not upon a sidewalk, and

upon approaching an intersecting street or a curve or corner in the street where the driver's view is obstructed, and where the traffic officer is not on duty, every driver of a vehicle will slow down the same and give a timely signal with his horn or other signalling device." The charge as thus given was excepted to by defendant's counsel, he saying: " I wish to note also an exception to that portion of Your Honor's charge where you read, I think, portions of the State Highway Law to the jury and I will state the grounds of my exceptions, namely, that by the charter of the Greater City of New York, also the law of the state, the State Highway Law was eliminated from operation in the streets of this city." The court responded: " Yes, but it seems to me the law which I read from the State Highway Law is also the law of this state, except where it is otherwise modified as part of the Traffic Law, and while I did read from the statute, I will stand on the law which I stated as being the law applicable in this state." To this statement defendant's counsel also excepted.

I am of the opinion that the exceptions are well taken. The Highway Law charged was not applicable to the case. The words " where the traffic officer is not on duty " do not, in fact, appear in the Highway Law. The law, as charged, with the exception of those words, was taken nearly word for word from section 286, subdivision 8, of that law. They appear in section 13, subdivision 2, of the General Highway Traffic Law (Cons. Laws, ch. 70), which is almost word for word similar to the portion of the Highway Law charged by the court, except that such words are added to it. The General Highway Traffic Law does not apply to the city of New York. Section 3 of that law specifically so provides.

The portion of the Highway Law charged was added to it by chapter 374 of the Laws of 1910. It was re-enacted in 1918 by chapter 540 and in 1921 by chapter 580. When this provision was inserted in the Highway

Law in 1910, there was enacted at the same time in the same law (sec. 288) the following provision: " * * * and provided further that nothing in this article contained shall impair the validity or effect of any ordinances, regulating the speed of motor vehicles, or of any traffic regulations with regard to the operation of motor vehicles, heretofore or hereafter made, adopted or prescribed pursuant to law in any city of the first class * * *."

New York is a city of the first class. It has been given broad powers to enact ordinances regulating street traffic. In pursuance of the powers thus given it has passed a Code of Ordinances, one chapter of which (Chap. 24) is devoted entirely to traffic regulations. This chapter sets forth a most comprehensive scheme and plan to regulate street traffic. The fact that there is no provision in the ordinances requiring a horn to be blown, or some signal given, upon approaching a pedestrian who is upon the traveled part of any street and not upon a sidewalk, and upon approaching an intersecting street or curve or corner in a street, when the view is obstructed, to slow down and give a timely signal with bell or horn, was not, as it seems to me, an oversight. Such provision was designedly omitted. It will be observed three things are required by section 286, subdivision 8, of a driver of a motor vehicle: (1) stop on signal; (2) slow down or, if necessary, stop when approaching or passing a street car; and (3) the omitted provision in the ordinances. The first two were taken over and re-enacted in the ordinances, while the third was omitted because it was deemed inapplicable to the city of New York.

Not only this, but section 286, subdivision 8, of the Highway Law, so far as it contains the provision under consideration, has, itself, been partially repealed or amended by its incorporation with certain changes in section 13, subdivision 2, of the General Highway Traffic Law. That section imposes the same duty of slowing down and giving a timely signal upon approaching a

pedestrian who is in the traveled part of any street, and not upon a sidewalk, and upon approaching an intersecting street or curve or corner where the view is obstructed, as does section 286, subdivision 8, but it contains an exception by excluding this requirement — when a traffic officer is on duty. The General Highway Traffic Law, as indicated, does not apply to the city of New York.

If it be true, as contended, that section 286, subdivision 8, of the Highway Law does apply to the city of New York, then we have this curious and what one might call absurd situation — in every city in the state other than the city of New York, the presence of a traffic officer on duty relieves the driver of a motor vehicle of the necessity of slowing down and giving a signal on approaching a pedestrian on the traveled part of the highway, and not upon a sidewalk, and upon approaching an intersecting street, while in the city of New York alone, where traffic officers are most numerous, the exception applicable to every other city is withdrawn. I cannot believe such was the intent of the legislature. Judicial notice may be taken of the traffic conditions in the city of New York. With the aid of such notice the court can see that it would be not only impracticable, but well nigh impossible, for motor vehicles to slow down and sound a horn at every intersecting street. The common-law duty of using reasonable care, as well as the requirements in the traffic regulations (sec. 41) are quite sufficient to charge the operator of a motor vehicle with the duty of slowing down and giving timely signal when danger would otherwise be incurred.

The judgments appealed from should, therefore, be reversed and a new trial ordered, with costs to appellant to abide event.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.