JOHN MURRAY, as Administrator, etc., Respondent, v. JACOB ROSENHEIM, Appellant.

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the New York county clerk's office on November 14, 1923, upon the verdict of a jury for $7,000.

Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., Dowling, Merrell, McAvoy and Burr, JJ., Clarke, P. J., and Dowling, J., dissenting.

CLARKE, P. J. (dissenting): The action was brought to recover damages alleged to have been sustained by the next of kin of John Murray, a boy eleven years of age, by reason of his death through the wrongful act of defendant's servant. At about five P. M. on November 22, 1920, a rainy day, dark and foggy, in the vicinity of Ninetieth street and Second avenue, Manhattan, the deceased, while crossing the street from east to west, was struck and mortally injured by a motor delivery truck, owned by defendant and operated by defendant's chauffeur. There were questions of fact presented as to the control of the truck at the time of the accident, that is, whether the chauffeur was or was not then on his master's business, as to his negligence and as to contributory negligence of plaintiff's intestate. In my opinion an error of law was committed by the learned trial court which necessitated the setting aside of the verdict and the granting of a new trial. In the main charge the court said: " The statute law of this State provides in substance that where an automobile is approaching a traveller in the highway and not on the sidewalk, that reasonable notice of its approach by a signal, by a horn or otherwise, must be given. Of course if the traveller sees the automobile approaching, the circumstance of the non-blowing of the horn would not add anything in that traveller's case, because if you see it coming, you know it is coming, even if the horn is not blown." The counsel for the defendant said: " May I respectfully except to that portion of your Honor's charge wherein your Honor referred to the State Highway Law, I think, and its rules with regard to the sounding of a horn at intersecting streets and I ask your Honor to eliminate that from the case under the facts and circumstances disclosed here." The Court: " In respect to that request I say that the General Highway Traffic Law of the State of New York in section 13, subdivision 2, says: ' Upon approaching a pedestrian who is on the travelled part of any street and not upon a sidewalk, that the driver of a vehicle shall slow down the same and give a timely and sufficient signal with his voice, horn or other signalling device.' I say that that is the law of the State and I adhere to what I said on that subject of the claimed

omission to blow the horn in my main charge and I give an exception to Mr Jenkins for the refusal to charge." In *Shifman* v. *Whalen* (234 N. Y. 283) where the trial court after drawing attention to the fact that the driver of defendant's truck was at the time of the accident approaching a street crossing at intersecting streets, which compelled him not only to have his truck under control, but to give a timely warning of its approach, charged that the Highway Law* so required and that such law was applicable, to which an exception was taken, the Court of Appeals said, Judge McLaughlin writing: " I am of the opinion that the exceptions are well taken. The Highway Law charged was not applicable to the case. * * * The General Highway Traffic Law does not apply to the city of New York. Section 3 of that law specifically so provides. * * * New York is a city of the first class. It has been given broad powers to enact ordinances regulating street traffic. In pursuance of the powers thus given it has passed a Code of Ordinances, one chapter of which (Chap. 24) is devoted entirely to traffic regulations. This chapter sets forth a most comprehensive scheme and plan to regulate street traffic. The fact that there is no provision in the ordinances requiring a horn to be blown, or some signal given, upon approaching a pedestrian who is upon the travelled part of any street and not upon a sidewalk, and upon approaching an intersecting street or curve or corner in a street, when the view is obstructed, to slow down and give a timely signal with bell or horn, was not, as it seems to me, an oversight. Such provision was designedly omitted. * * * Judicial notice may be taken of the traffic conditions in the city of New York. With the aid of such notice the court can see that it would be not only impracticable, but well nigh impossible, for motor vehicles to slow down and sound a horn at every intersecting street. The common-law duty of using reasonable care, as well as the requirements in the traffic regulations (sec. 41) are quite sufficient to charge the operator of a motor vehicle with the duty of slowing down and giving timely signal when danger would otherwise be incurred." Where there are closely litigated questions of fact and an erroneous rule is laid down by the court and emphatically repeated when attention is called thereto by exception I am of the opinion that the error is such that it cannot be overlooked and I vote for reversal and a new trial.

GERSETA CORPORATION, Respondent, Appellant, v. THE EQUITABLE TRUST COMPANY OF NEW YORK, Defendant, Impleaded with THE RAW SILK TRADING COMPANY and Others, Appellants, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Dowling, Finch, Martin and Burr, JJ.