FRANK CURRAN, Plaintiff, *v.* LYMAN MATSON and IRA MATSON, Defendants.

Supreme Court, Tompkins County, January 8, 1942.

*John LoPinto*, for the plaintiff.

*Stagg, Thaler & Stagg* [*L. K. Thaler* of counsel], for the defendants.

DEYO, J.   This is a negligence action wherein the defendants at the time the motion was argued had interposed only a general denial.   The defendants by notice seek to examine the plaintiff on the question of whether or not the plaintiff has settled with a third person, one Edson J. Barrett, who is claimed to be a joint tort feasor, and if so, the amount of such settlement.   I have been informed that since the motion was argued the defendants have amended their answer to allege by way of an affirmative defense the giving of a release or covenant not to sue.   However, I feel that I am obliged to determine this motion in accordance with the allegations of the pleadings as they were at the time the motion was argued.   By their answer the defendants have chosen to stand or fall on their denial of the allegations in the complaint.   Under

the issues thus raised, evidence relative to a release would not be admissible, since that is a defense which must be affirmatively alleged. (*Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 237 N. Y. 75; *Telford* v. *Metropolitan Life Insurance Co.*, 223 App. Div. 175.) Consequently, testimony by deposition relative thereto could not be material or necessary to the defendants under the issues thus presented. This is an entirely different situation from that presented in *Etter* v. *Early Foundry Co.* (164 Misc. 88); *Noble* v. *Copake Lake Pure Ice & Water Corp.* (129 id. 445), and *St. John* v. *Putnam* (128 id. 707). In those cases, although no answer had been interposed, an examination was permitted because the court was able to ascertain from other sources what the issues would be. Here an answer has been put in and the issues thereby framed do not include the question of the release. (*Palumbo* v. *L'Araldo Italiano Pub. Co.*, 150 App. Div. 221.)

The defendants also seek information relative to the consideration paid to the plaintiff for this release or covenant not to sue. Such information is clearly material and necessary in diminution of damages if recovery be had against these defendants, and testimony thereto would be admissible for that purpose, even under a general denial. (*Knapp* v. *Roche*, 94 N. Y. 329, 333; *Ammerman* v. *Utilities Oil Corp.*, 222 App. Div. 481.)

The plaintiff also attacks the propriety of the proposed examination on the ground that the person before whom the testimony is sought to be taken is not a proper person. It appears that the defendants have designated in their notice a notary public who is a stenographer in the employ of their attorneys. This objection seems to be well taken. (Civ. Prac. Act, §§ 301, 452.)

The defendants' notice of examination will, therefore, be modified by restricting such examination to the question of whether or not the plaintiff has settled with Edson J. Barrett for the injuries which he suffered as a result of this accident and, if so, the amount which he received by virtue of such settlement, and by providing that such examination be had before Abraham W. Feinberg, Esq., at his office in the city of Ithaca, on the 23d day of January, 1942, at ten A. M. In all other respects the motion is denied, without prejudice, however, to the defendants to proceed again, either by notice or by motion if their amended answer contains an affirmative defense wherein the giving of the release or covenant not to sue is alleged.

No costs will be awarded to either party.

Submit order in accordance with the foregoing.