FLORENCE B. WHEELER, Appellant, v. STATE OF NEW YORK, Respondent.   (Claim No. 30726.)

Third Department, July 7, 1955.

*John R. Cummins* and *Louis P. Meconi* for appellant.

*Jacob K. Javits, Attorney-General* (*Sidney Kelly, Jr.,* and *Henry S. Manley* of counsel), for respondent.

BERGAN, J. P. Claimant was injured while riding on a State highway in a vehicle driven by her husband. In the course of trial in the Court of Claims in which the only negligence leading to the occurrence of the accident set forth in a pleading was the negligence of the State, a general release in favor of claimant's husband was offered in evidence by the State.

After taking proof of the facts surrounding the execution of the release, the court received the instrument as an exhibit in evidence over the claimant's objection; and although a full record was made on merits of the claim, it was dismissed solely on the ground that the release of claimant's husband as a joint tort-feasor operated also to release the State.

The claimant did not ask by way of relief that as between claimant and the State the release be deemed void; and there is no relief sought, or, indeed, possible in the action, between the direct parties to the release, the claimant and her husband, to set aside or rescind the release. The State did not file any pleading asking for affirmative relief, and the question of the validity of the release was tried between these parties as an incident to the objection raised when the instrument was offered in evidence by the State.

Claimant was not required to plead in her claim that the instrument between herself and her husband was void. (*Bard-Parker Co.* v. *Dictograph Prods. Co.,* 258 App. Div. 638; *McPeck* v. *McCarthy,* 192 Misc. 767); and a release given to a third party as joint tort-feasor is usually a matter of affirmative defense to be pleaded. (*Curran* v. *Matson,* 177 Misc. 861.) The State is not, however, required to answer a claim (Rules of Court of Claims, rule 13) and the practical procedure adopted by the parties on the trial was to meet the issue of the validity of the release on the incidental question of its admissibility as an exhibit.

It would, of course, be necessary to go further than this, where the release did not go to the State itself, to show that the third party named in the release was a joint tort-feasor. There is no finding on this question by the court, or discussion of it in

the memorandum of decision; and although the claim of the husband was tried together with the wife's and the husband's claim was dismissed on the merits, the dismissal could have been based on his failure to meet the burden of proof he had in the claim of showing affirmatively his own freedom from contributory negligence; rather than an affirmative showing the other way that he was actively negligent, which is quite a different thing. This was the burden which the State was required to meet in the wife's case in order to establish that the release, which did not run to the State itself, was given to one who was jointly negligent in bringing about claimant's injury.

Assuming, however, that the husband is on this record to be deemed a joint tort-feasor with the State, we think that on the weight of the evidence the claim ought not to have been dismissed because of the release running in favor of the husband. The accident occurred April 9, 1949, and claimant, who was seriously injured, remained in a hospital until May 29th, when she was sent to her home. The release was signed a few days later while claimant was in bed with her leg in a cast and suffering an injury to her eye. From a conversation with her husband she understood the instrument she was asked to sign was designed to protect his motor vehicle license. She did not read the instrument and said that because of the eye injury she did not attempt to read it; and that the instrument was not read to her by her husband.

She testified that he told her where to sign and that she signed without knowing what she signed. Her husband testified that he did not read the paper to claimant; that he asked her to sign it, and when asked if he explained it to her he testified: "Well, yes and no. I mean, I told her it was in reference to my license. I was under the impression that that paper there would save my license for me. * * * I told her it was for my license." This certainly was not a fair explanation of a paper which claimant neither read nor had read to her and which could seriously affect her right to compensation for serious injury.

The confidential relationship of the parties to this release, carrying with it trust and mutual reliance, is such that between the parties to it it would almost certainly be set aside if disavowed by the wife. This is not a case of dealing at arm's length between adverse and hostile parties. The husband testified he gave nothing in the way of consideration for the instrument; and while it is not to be deemed invalid because of an

absence of consideration, having been signed (Personal Property Law, § 33, subd. 2), still the intent of the parties in dealing with the subject matter is a pertinent fact in considering whether a release is void.

The principle of law to be applied in the case before us is illustrated in *Scheer* v. *Long Island R. R. Co.* (282 App. Div. 724). Plaintiff there was injured in the course of employment and asked his employer, a railroad, for reimbursement for time lost. Apparently at the request of plaintiff to avoid the payment of income tax, the payment was described in a letter signed by plaintiff as not being made for time lost; and plaintiff signed a receipt for the amount which was in the nature of a release.

The court was of opinion a triable issue was presented as to whether the release was void on the basis of cases holding that where a release is represented to be a receipt for wages it may be avoided. (*Boxberger* v. *New York, New Haven & Hartford R. R.*, 237 N. Y. 75; *Farrington* v. *Harlem Sav. Bank*, 280 N. Y. 1.) There was in the *Scheer* case (282 App. Div. 724, *supra*) the additional element that the injuries were more serious than they were deemed at the time of the execution of the release and in making a release where only slight injuries were intended to be contemplated, the release may be avoided when much more serious injuries are later uncovered. *Brown* v. *Manshul Realty Corp.* (271 App. Div. 222) is cited.

While the element of "mutual mistake of fact" underlies many of the cases on the subject, there are some additional elements appearing in some of them, notably in *Barry* v. *Lewis* (259 App. Div. 496) suggesting that a misapprehension by the party signing the instrument as to what was being effected by the release is an element to be considered in weighing the duty of the party presenting the release to disclose what its effect is to be. In that case the release expressly included injuries known and unknown; but the court was of opinion the person presenting the release was under obligation to disclose that very provision to the plaintiff and the release was held no bar to recovery for injuries later discovered. In some aspects the case before us is similar to *Moses* v. *Carver* (254 App. Div. 402).

There is, moreover, authority by which the release might be avoided for a unilateral mistake only, if there were in fact no consideration given to obtain it; even though the instrument would not be invalid, as we have seen, for absence of consideration alone under the statute. (5 Williston on Contracts [Rev. ed.], § 1574; Restatement, Restitution, §§ 26, 49; *Matter of Clark*, 233 App. Div. 487.) We think the decision to dismiss the claim,

based on the defense of release of a joint tort-feasor, is against the weight of the evidence.

The judgment should be reversed and the claim remitted to the Court of Claims for determination on the merits of the claim of negligence, with costs to appellant to abide the event.

COON, HALPERN, IMRIE and ZELLER, JJ., concur.

Judgment reversed and the claim remitted to the Court of Claims for determination on the merits of the claim of negligence, with costs to appellant to abide the event.