■    Florence B. Wheeler, Respondent, v. State of New York, Appellant. (Claim No. 30726) — Appeal by the State from a judgment of the Court of Claims, awarding claimant damages for personal injuries. Claimant was injured when the car, in which she was riding, operated by her husband, skidded on ice on a State highway and crashed into a bridge abutment. The accident occurred about 3 o'clock on a bright, sunshiny afternoon, Saturday, April 9, 1949, on State highway No. 86-A between Keene, New York, and Lake Placid, New York. The night before, claimant and her husband had driven over the same road through a local fall of heavy, wet snow in that immediate area. It did not snow in Keene. By the afternoon of the day of the accident, it appears that all of the stretch of the road in the area where it had snowed the night before was clean and dry except for one patch of ice in the "Twin Bridge" area. The ice had apparently formed when snow on the shoulder had melted and run into and across the road, where it was banked for a turn, and then had frozen. It was well known that there was a danger of the formation of ice on that stretch of road after a snow fall. The road on which the accident occurred was a State highway and was regularly patrolled by a maintenance crew, under a maintenance foreman who resided in Keene. Five days before the accident, on April 4, 1949, the district engineer of the New York State Department of Public Works issued a letter putting the road maintenance crew in the area on a summer

schedule, which meant there would be no routine patrols on Saturday. There is testimony that, if the local crew had been on the winter schedule requiring daily patrol, the icy condition would have been discovered and the road would have been sanded prior to the time of the accident. The maintenance foreman testified that he did not know of the snow fall in the " Twin Bridge" area until after the accident and that on the morning of that day he had looked from his home in Keene towards that area and did not see any snow. Upon the first trial of this claim, the claim of claimant's husband was dismissed by the court below and he did not appeal. The claimant's case was dismissed on the ground that she had given a release to her husband, but the dismissal was reversed by this court (286 App. Div. 310). Upon a reconsideration of the case by the same Judge, upon the record of the first trial, he found in favor of the claimant, primarily on the ground that the State should have continued to maintain daily patrols along the stretch of highway in question until all danger of snow and ice had passed. Negligence of the State cannot be predicated on the mere fact that there was a snow fall on April 8 and 9. There was no proof of actual knowledge of the snow fall on the part of the State and a sufficient time had not elapsed prior to the accident to charge it with constructive notice. The only testimony on the question of whether the State should have anticipated the snow fall and the need for sanding was that of the foreman who testified that it was " unusual" to sand the road in April and that the last time the road had needed sanding that year was March 17. There was no evidence as to the precise experience in prior years. The evidence in this record is too meagre to enable the court to determine whether the State in the exercise of reasonable care should have continued the daily patrol throughout the month of April or at least until a date in April past the day of the accident. Judgment reversed, on the law and facts, and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ., concur.