Thomas Dickens, J.
Plaintiff in this action seeks redress in damages for injuries to her person. They are the outcome of an accident on a street of the city.
At the trial, defendant raised, inter alia, a specific preliminary challenge to plaintiff’s right as a matter of law, to maintain this section.
*364 The ground advanced was the existence of a written general release without reservation. This release represented the con-' summation of a compromise and settlement during the pendency of a separate action, instituted by plaintiff within a short time preceding the one at bar, against a third party concerned in the same accident.
The keynote was that this form of release produced an absolute bar by exoneration, inasmuch as releasee and defendant were actually joint tort-feasors in pari delicto as participants of the accident in question.
This view reflects the concept of judicial opinion which declares that a release of one of several joint tort-feasors from liability for damages, discharges all such tort-feasors, where it contains no reservation of a right to pursue the others. (Bator v. Barry, 282 App. Div. 324.) The inducing factor behind this concept is the theory that there may be but one satisfaction and the release is deemed to be such. (Rector, Churchwardens & Vestrymen of St. James Church v. City of New York, 261 App. Div. 614; Walsh v. New York Cent. & Hudson Riv. R. R. Co., 204 N. Y. 58.)
On the other hand, plaintiff urged that the nature of the accident had the independent effect of placing releasee and defendant in the role of strangers towards each other with regard to legal responsibility and its attendant liability. In other words, there was no privity, on this score, between them as wrongdoers. Satisfaction, in such instance, by release as one not actually liable by reason of the status of total stranger to his controversy, was not in the least any defense here.
This view, in turn, reflects the opposite concept of judicial opinion, which declares that satisfaction by a stranger is not available as a defense. (Meyers v. Acher, Merrall & Condit Co., 65 Misc. 576; Hirschfield v. Alsberg, 47 Misc. 141; Gray v. Fogarty, 237 App. Div. 855; Fraser v. Copake Lake Pure Ice Corp., 127 Misc. 457.)
However, because of a vital shortcoming in defendant’s proof, the merits of these diametrically different points of view need not be considered. This shortcoming as an antecedent subject for disposition, possesses the efficacy of foreclosing consideration of the merits of this issue in law.
By making the general release the sole or the maximum measure of proof in support of the affirmative defense of a general release without reservation, defendant has, as a result of such limited amount of proof, brought itself within the adverse critique in Wheeler v. State of New York (286 App. Div. 310), bearing on the quantum of proof necessary to be *365 presented in order to fortify a defense of the kind at hand. The headnote therein reads as follows: “In an action by wife against state for injuries sustained by wife on state highway in vehicle driven by her husband to whom wife had given a general release, burden ivas upon state to show that husband was actively negligent in order to establish that the release, which did not run to the state itself, was given to one who was jointly negligent in bringing about wife’s injury.” (Italics supplied.)
Moreover, for mention as an interesting side light on the rationale in the Wheeler case (supra) the Court of Appeals held that even a specific allegation in a third-party complaint that such third party was “ solely ” the negligent party, would not be sufficient to meet the onus of proof required to show a joint tort-feasor relationship. Such allegation would be considered to be merely a formality of pleading dealing with negligence and freedom from contributory negligence usually employed in negligence actions, and the admission resulting therefrom would not be regarded as conclusive but would be open to the explanation that it did not have reference to defendant herein as having any connection with the accident. (Walsh v. New York Cent. & Hudson Riv. R. R. Co., supra, p. 66.)
Obviously, then, this affirmative defense must, for lack of sufficient evidence to support it, go by the board. (Wheeler v. State of New York, supra.)
As to the facts of the accident itself, the record discloses that it happened when plaintiff’s foot caught in a broken curbstone, the defect averaging about two to three inches in length, depth, and breadth. She was thereby propelled face down into the rear wheel of the third party’s (releasee’s) moving truck as it was about to turn from an easterly direction on Fourteenth Street, Broadway. The time was 10:20 in the forenoon. This broken condition plaintiff noticed when she had passed over the intersection on former occasions.
In consequence, plaintiff suffered mulitple injuries, some serious, followed by pain and suffering and costly medical expenditures.
This evidence is not contradicted by direct evidence nor by any legitimate inferences from the evidence, and does not appear to be opposed to the probabilities, nor, in its nature, surprising or suspicious. There is no reason, therefore, for denying its conclusiveness within the general rule that such unassailed evidence should not be denied conclusiveness. (Adler v. Savoy Plaza, 98 N. Y. S. 2d 177, affd. 279 App. Div. 110.)
*366 With the record set in this narrow compass and with its use as the groundwork, I, as trier of the facts and the law, make the following findings:
(1) That it is commonly known that the thoroughfares of Broadway and Fourteenth Street intersect each other and are two of the main arteries of the City of New York (Impagliazzo v. Nassau County, 123 N. Y. S. 2d 819) and are subject to heavy traffic conditions. (Shifman v. Whalen, 234 N. Y. 283, 288.)
(2) That defendant had failed in its duty, as required by law, to maintain the curbstone of the sidewalk at the intersection of these two streets, more particularly at the place of occurrence, in a reasonably safe condition for the use of the public. (Kamnitzer v. City of New York, 265 App. Div. 636; Lendrum v. Village of Cobleskill, 192 App. Div. 828.)
(3) That the extent of the break in the curbstone constituted a dangerous condition, more so at such an intersection. (Loughran v. City of New York, 298 N. Y. 320.)
(4) That although plaintiff had noticed the broken condition at other times, she was not, considering all the surrounding circumstances herein, chargeable with contributory negligence because at the particular moment of catching her foot in the broken part of the curbstone she might not have had the defect in mind. (Moshier v. City of New York, 190 App. Div. 111.)
(5) That the delinquency of defendant gave rise to the event that culminated in the accident and was the proximate cause. (Matter of Guardian Cas. Co., 253 App. Div. 360, affd. 278 N. Y. 674.)
(6) That because of the accident, plaintiff sustained multiple injuries, some severe,- followed by pain and suffering and costly medical expenditures.
(7) That plaintiff’s damages against defendant is allowed therefor in the sum of $9,000, exclusive of the amount plaintiff had received from the releasee. (Young v. Anderson, 33 Idaho 522.)
(8) That judgment is directed to be entered in the sum of $9,000.
Submit judgment. Thirty days’ stay; 60 days to make a case.