John H. Farnham, J.
This is a preliminary trial of the issues arising out of a separate defense of “ release ” pleaded by the defendants in their amended answers. The court allowed the corporate defendants, on motion, to amend their answers to include the defense of release.
The issues were tried before the court without a jury on February 18, 1964. The plaintiff, Violet Roscoe Meil, has brought this action to recover for personal injuries. The plaintiff was severly injured on the 7th day of October, 1956, when a car in which she was a passenger and operated by Jeremiah Kinane went off the highway known as Thompson Road at a point approximately one mile north of its intersection with Route No. 298, in the Town of Dewitt, Onondaga County, New York, and allegedly fell into an excavation. Plaintiff’s action joins Syracuse Constructors, Inc., on the grounds that that defendant created the excavation and was otherwise negli *41 gent, and the County of Onondaga for alleged negligent maintenance of the highway, absence of appropriate highway signs for approach to a curve, and the estate of Jeremiah Kinane, the latter on the basis that the Kinane vehicle was negligently driven on the date of the accident by Jeremiah Kinane. Catherine Kinane was the owner of the vehicle.
Following the accident in which the plaintiff sustained her injuries, it was determined that the Kinane vehicle was uninsured. It also was determined that one, Veronica Christie, a sister of the plaintiff, held and owned a policy of insurance issued by the Maryland Casualty Company, upon which the plaintiff was an additional insured. In substance, the policy obligated Maryland Casualty Company 1 ‘ to pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injuries The policy further provided that, for purposes of the uninsured motorist endorsement, the determination as to whether the insured should be legally entitled to recover damages and if so entitled, the amount thereof, should be made by agreement between the insured and the company, or in the event of disagreement, by arbitration.
The plaintiff proceeded against the Maryland Casualty Company in a declaratory judgment suit and after a hearing before a Supreme Court Justice, it was held that Maryland Casualty was obligated to the plaintiff under the policy. The decision was appealed and upheld by the Appellate Division, Fourth Department (Roscoe v. Maryland Cas. Co., 10 A D 2d 897). Thereafter, and before arbitration as to the amount of Maryland Casualty obligation to plaintiff could be heard, the plaintiff accepted the sum of $7,000 from Maryland and executed a general release to Maryland. The release ran to the favor of Maryland Casualty only and to no one else. There was no reservation in the release of any rights against any other parties. However, the following verbatim phraseology was set forth in the release which is a part of the record before the court: “And more particularly for all claims arising .out of a certain Maryland Casualty Company Policy issued to Veronica A. Christie, bearing Number 2-2-46409 under the so-called uninsured Motorists Coverage Endorsement ’ ’.
Prior to the release being executed as aforesaid, plaintiff had brought the present action against the defendants, Syracuse Constructors, Inc., and the County of Onondaga; the estate of Jeremiah Kinane was not named as a defendant. At the end of plaintiff’s evidence, the trial court dismissed the complaint. This dismissal was appealed; the Appellate Division *42 reversed the trial court and sent the case back to this court for a new trial (19 A D 2d 10). Following the Appellate Division’s decision of reversal of the prior dismissal of plaintiff’s complaint, plaintiff then joined the defendant Catherine Kinane and the estate of Jeremiah Kinane, and the action came on before this court for trial. Before a trial could be had, however, the defendants, Syracuse Constructors, Inc., and the County of Onondaga, moved for an amendment to their respective answers, to permit pleading the defense of ‘ ‘ release ’ ’ and testimony was had as stated earlier in this opinion.
The problem is relatively simple of statement. The issue here is whether the release given by plaintiff to the Maryland Casualty Company constitutes a release to the defendants, Syracuse Constructors, Inc., and the County of Onondaga, under the old and well-known rule of law that a release of one tort-feasor releases all tort-feasors.
The position urged upon the court by the two corporate defendants is that Maryland Casualty Company, by paying the plaintiff, stood in the stead of the Kinanes, the owner and operator respectively of the vehicle and, therefore, a release to Kinane released them. The defendants state, with good logic, that Maryland Casualty could not have paid $7,000 to plaintiff unless it felt that Kinane was negligent and since the injuries of the plaintiff upon which the $7,000 payment was based or sustained resulted from the same accident concerning which the present suit was brought and, therefore, the release to Maryland released them. The defendants argue that the plaintiff should be in no better position, having given release to Maryland Casualty, than she would be had Kinane been insured, and, the release having run without reservation as to the corporate defendants, they also are released by the execution and delivery of said instrument.
Plaintiff’s position as urged upon the court is that Maryland Casualty is a stranger to this action, that the release was never intended to release plaintiff’s right against the corporate defendants and that there is no privity between Maryland Casualty Company and the alleged tort-feasors, County of Onondaga and Syracuse Constructors. The corporate defendants were not a party to any of the negotiations between the plaintiff and Maryland Casualty Company. They were total strangers to it and Maryland is not a party to this proceeding.
The solution of this problem is considerably more difficult than the statement thereof. It is a well-settled rule in this State that the language of a release must yield to the intention of the parties and in reference to the circumstances surrounding *43 the situation. (Matter of Delaware County Elec. Coop. v. City of New York, 304 N. Y. 196; Lucio v. Curran, 2 N Y 2d 157; Simon v. Simon, 274 App. Div. 447.)
The release runs only to Maryland Casualty. It is, of course, the claim of the plaintiff that the release was never intended to release any joint tort-feasor in this action. A review of the Maryland policy issued to Veronica Christie reveals that the policy reserved the right of subrogation against the uninsured motorist if payment is made under the uninsured motorist endorsement. Veronica Christie, the owner of the Maryland policy, certainly was not a tort-feasor. Her insurance carrier, Maryland Casualty Company, therefore, in the view of this court, may not be held to have been a tort-feasor within the context of this accident. While the defendant urges as recited above that Maryland in effect replaced and stood in the place of Kipane, the uninsured motorist in the environment of the case, the court is unable to agree with this contention. Veronica Christie and Maryland Casualty Company were total strangers to the accident which with resultant injuries is the basis of the primary action and they were not tort-feasors within the general rule attempted to be applied to these facts by the corporate defendants. There was no privity between Maryland Casualty and the corporate defendants. In the case of Derby v. Prewitt (12 N Y 2d 100) a release to a cab driver without reservation of rights against the attending physician was held not to bar a later action against the doctor for malpractice. The Court of Appeals in the Derby case, after an extended discussion of the ancient common-law rule, which we are considering here, stated at page 105: ‘ ‘ Whatever validity these reasons may have in the case of true joint tort-feasors, neither is persuasive where the tort-feasors did not combine to produce the wrong but only share a common element of liability.” In the case before this court, Maryland Casualty is not, in this court’s view, a true joint tort-feasor, nor does the court believe that the rule sought to be invoked was intended to cover a situation such as this where unlike the Derby case there is not even a ‘ ‘ common element of liability ”.
The plaintiff’s special damages alone far exceed the sum of $7,000 paid by Maryland Casualty. The court certainly doubts seriously that, had the plaintiff ever thought or intended that receipt by her of the aforesaid sum would release all of the defendants in this case, she would have executed the release. It has not been argued by plaintiff that any mistake or inadvertence accompanied her execution of the release. It has been admitted by inference, if not expressly, by the attorneys for the *44 corporate defendants that had the subject release reserved plaintiff’s right against them, then this defense would not have been raised. The court does not believe, however, that the issue here turns on the simple premise that a reservation of rights would have avoided the defense of the release. It does feel, as stated above, that Veronica Christie and her carrier were not tort-feasors within the context of the facts. Therefore, payment by Maryland Casualty to plaintiff under the uninsured motorist’s endorsement in which the plaintiff fortuitously, for her, became a named insured under the policy cannot be construed as releasing the true tort-feasors in this case. We assume always, of course, that the negligence of the corporate defendants and that of Kinane must be proven. Payment by a party who is not actually liable in tort is not a legal defense to a cause of action against true tort-feasors. (Atlantic Dock Co. v. Mayor of City of New York, 53 N. Y. 64; Latoni v. City of New York, 11 Misc 2d 363; Littell v. Cranford Co., 203 N. Y. S. 2d 975, 977.)
It goes without saying that the defendant would never be able to show that Veronica Christie or her carrier were actively negligent in order to sustain a defense that the release given to Maryland releases them. (Wheeler v. State of New York, 286 App. Div. 310.)
All of the attorneys on this hearing have submitted able and impressive memoranda of law but the court is satisfied that the ancient rule that release of one joint tort-feasor serves as a release of all joint tort-feasors has no application to the facts in this case. In the court’s view the payment by Maryland Casualty to the plaintiff was a payment paying its insured after an accident, or payment for disability by a private health and accident insurance carrier to its insured after an accident, even though the insured may recover some or all of its damages twice if the insured successfully sues the true tort-feasor. In the latter situation the injured assured has provided and paid for that protection. In the case at bar, it is obvious that the uninsured motorist endorsement was provided and paid for by Veronica Christie, a stranger to this action.
The case of Lucio v. Curran (supra) seems to this court to rest on different facts and the excellent discussion in that case of the rule attempted to be invoked here presupposes that the party released is a joint tort-feasor.
While the court does not feel that this case turns on contract principles, it is satisfied that under the legal rules of contract as set forth by the courts of this State, the corporate defendants are not third-party beneficiaries of the insurance contract between Maryland and plaintiff. Nor, as stated in the Miller *45 case (infra), did Maryland 'by its payment to plaintiff by virtue of the Christie uninsured motorist endorsement become the “ alter ego ” of Kinane. (See Matter of Travelers Ind. Co., 226 N. Y. S. 2d 16; Commissioners of State Ins. Fund v. Miller, 4 A D 2d 481, where the status of the uninsured motorist endorsement is discussed in some detail.) As stated by Justice Botein in the cited case of Commissioners of State Ins. Fund v. Miller, at page 482: “ Defendant’s insurer cannot, however, be deemed the alter ego of the tort-feasor. It does not insure the tort-feasor against liability; it insures its policy holder against the risk of inadequate compensation for his compensable injuries. Its liability to defendant is contractual, although premised in part upon the contingency of third party’s tort liability.”
Finally, the Court of Appeals in the case of Cahill v. Regan (5 N Y 2d 292, 299) has stated that a release may not be read to cover matters which the parties did not desire or intend to dispose of.
And, in the case of Pascoe v. Electromatic Mfg. Co. (3 A D 2d 818) it was held that “ the courts look behind the release when an issue is raised with respect to what the parties intended to release ”, citing the Lucio case (supra).
Therefore, upon all the proof before the court, and the prior proceedings had herein, the court finds that the release executed and delivered by the plaintiff to Maryland Casualty Company did not release the defendants nor is it available to them as defense to plaintiff’s action and is not a bar to the prosecution of this action against the defendants.
Accordingly, the affirmative defense of “ release ” is stricken and the plaintiff may proceed to trial in the primary action in the regular course.