In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, Respondent, for an Order to Take Possession of the Property and Liquidate the Business and Affairs of THE GUARDIAN CASUALTY COMPANY.

Claim of AARON KUTTLER, as Administrator, etc., of MARSHA KUTTLER, Deceased, Appellant.

Claim No. PI & PD 255-G.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, Respondent, for an Order to Take Possession of the Property and Liquidate the Business and Affairs of THE CONSOLIDATED INDEMNITY AND INSURANCE COMPANY.

Claim of AARON KUTTLER, as Administrator, etc., of MARSHA KUTTLER, Deceased, Appellant.

Claim No. PI & PD 9075.

First Department, February 18, 1938.

*Victor W. Milch,* for the appellant.

*Albert L. Sussman* of counsel [*Lester Weil,* attorney], for the respondent.

CALLAHAN, J. This is a claim for damages for the wrongful death of one Marsha Kuttler. The insurance companies involved, being in the process of liquidation by the Superintendent of Insurance, the matter was heard by a referee.

The accident causing the death of claimant's wife was the aftermath of a collision between two automobiles. One of the automobiles was owned by one Haas (insured by The Guardian Casualty Company), and the other was a taxicab owned by the Monarch Transportation Company (insured by the Consolidated Indemnity and Insurance Company).

The car owned and operated by Haas collided with the taxicab owned by Monarch, and operated by one Landesberg, at the intersection of Intervale avenue and One Hundred and Sixty-fifth street, in the Bronx, in the early morning of January 24, 1931. As the result of the collision, the taxicab was forced across the sidewalk and against the stone stoop of premises 1017 Intervale avenue. The force of the collision dislodged several stones composing the stoop, and the taxicab remained wedged between some of the remaining stones.

The deceased conducted a laundry in the premises, in conjunction with her husband, and was called down to view the store, which was thought to be damaged. About twenty minutes after the collision a police officer, together with two citizens and a wrecking car, owned by the Monarch, but not covered by insurance, was attempting to remove the taxicab from its position against the stoop. In removing it, and without any negligent act on the part of those doing the work (as was found by the referee), the stone

which had been loosened by the impact of the taxicab and was resting, at least in part, against the taxicab, fell onto the sidewalk and struck the deceased, who stood about twenty feet away, knocking her down and injuring her in such manner that she died a few minutes later.

The referee decided that the original collision occurred solely through the negligence of the driver of the taxicab, and also held that the injuries from which Mrs. Kuttler died were not the proximate result of the original collision, but the result of the removal of the taxicab from the stoop, and that, therefore, neither insurance company was liable.

The justice at Special Term affirmed the report, but held that the evidence warranted finding that the original collision was due to the concurrent negligence of the drivers of both vehicles.

It seems to us that the evidence of negligence on the part of Haas in causing the original accident was at least as strong as that against Landesberg. There was ample proof that the collision was caused because both drivers were negligent.

The sole question remaining is whether the injuries from which Mrs. Kuttler died were the proximate result of the collision which caused the injury to the stoop; or whether there was an intervening and independent act which broke the chain of causation, when the removal of the taxicab permitted the stone to fall.

As has been stated by a learned writer on the subject: " If the original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which are not wrongful, the injury shall be referred to the wrongful cause, passing by those which were innocent." (1 Cooley on Torts [4th ed.], § 50, subd. 3, p. 111.) That rule has been applied in this State, at least where the occurrence of the intervening act might reasonably have been anticipated.

In *Carlock* v. *Westchester Lighting Co.* (268 N. Y. 345) it was held that where harmful consequences are brought about by intervening and independent forces, the operation of which might have been reasonably foreseen, even though such forces are the deliberate but innocent acts of a human being, there is no break in the chain of causation of such a character as to relieve the original actor from liability.

Where the acts of the defendant gave rise to the stream of events that culminated in the accident, such acts are held the proximate cause. (*Donnelly* v. *Piercy Contracting Co.*, 222 N. Y. 210.)

The present defendants, whose wrongful acts caused a vehicle to be projected across a sidewalk and against a building, with such force as to loosen parts of the structure, must have foreseen

the necessity of removal of the vehicle from the sidewalk. They might reasonably have anticipated that the parts of the structure which were dislodged by the blow would fall into the highway. That a passing pedestrian might be injured when such an event took place in a city street, was also foreseeable. It would seem plain that although the injury to the pedestrian did not occur for some minutes after the application of the original force, because of the circumstances that the dislodged stones were temporarily held in place by the vehicle, this would not alter the case, when there is nothing to show the application of a new force causing the stone to fall.

We think that the fact situation presented here shows that claimant's wife lost her life as the result of the original acts of negligence of both defendants.

The orders confirming the report should be reversed, with costs and disbursements, and the claims allowed in the sum of $5,000 against The Guardian Casualty Company, and $2,500 (the limit of the policy) against the Consolidated Indemnity and Insurance Company.

GLENNON and DORE, JJ., concur; MARTIN, P. J., and UNTERMYER, J., dissent and vote for affirmance.

UNTERMYER, J. (dissenting). The decision in this case, it seems to me, extends the liability for acts of negligence beyond all precedent. (*Perry* v. *Rochester Lime Co.*, 219 N. Y. 60; *Hall* v. *New York Telephone Co.*, 214 id. 49; *Kern* v. *DeC. & D. S. R. Co.*, 125 id. 50; *Van Leet* v. *Kilmer*, 252 id. 454; *Palsgraf* v. *Long Island R. R. Co.*, 248 id. 339.) The death of Marsha Kuttler was not the proximate result of the collision which had occurred twenty minutes earlier. Both automobiles had reached a condition of rest. The accident, so far as human foresight could predict, was at an end. Then a new cause, not within the range of reasonable apprehension, intervened. That cause was the collapse of a portion of the building due to the removal of the taxicab, with fatal consequences to a person on the sidewalk. If the defendants are liable for that, then it would seem that they would be liable for injuries sustained if the entire building had collapsed on account of the removal of the taxicab twenty days, instead of twenty minutes, after the collision had occurred.

The orders confirming the report of the referee should be affirmed.

MARTIN, P. J., concurs.

Orders reversed, with costs and disbursements to the appellant, and the claims allowed in the sum of $5,000 against The Guardian Casualty Company, and $2,500 against the Consolidated Indemnity and Insurance Company. Settle order on notice.