BERNARD BENJAMIN et al., Respondents, *v.* BROOKLYN TRUST COMPANY, as Trustee, Appellant.

Supreme Court, Appellate Term, Second Department, June 28, 1945.

*Charles J. Dodd, Jr.,* and *Dimitri G. S. Eristoff* for appellant.

*Irving Cyruli* and *James V. Mistretta* for respondents.

MEMORANDUM *Per Curiam.* The plaintiffs failed to establish any negligence on the part of defendant. The key which was lost was its property. The defendant was not a bailee either of the key or of the articles which were stolen. There is no fact established which warranted a finding that the defendant, in the exercise of reasonable care, should have foreseen that one of its employees would take the key or some stranger to it might find the key and enter the apartment to take property. No prior similar incident or bad conduct of any employee was established. (*Castorina* v. *Rosen,* 290 N. Y. 445.)

The judgment should be reversed on the law, with $30 costs to defendant, and the complaint dismissed, with appropriate costs in the court below. The appeal from the order should be dismissed.

STEINBRINK, J. (dissenting). The following facts were established on the trial and their finding is implicit in the judgment rendered.

Defendant reserved the right of entry at all times into plaintiffs' apartment by means of a passkey. Defendant's superintendent had two passkeys, the property of the defendant, which were kept on a ring. He recalled handing the ring to one of his porters. Shortly after the ring was returned he noticed that one of the passkeys was missing. He interrogated the porter, who denied having taken the key. He thereafter made inquiry among the other employees. The police were not advised of the loss. No notice was posted in the elevators of the building and no warning was given to the plaintiffs or to other tenants, although there was a telephone intercommunication system in the building.

During plaintiffs' absence and at a time when the passkey was missing, their apartment was entered and certain articles of personal property stolen therefrom. Examination of the apartment disclosed no signs of forcible entry. All indications were that the apartment had been entered by the door, which had been locked prior to the theft. Two days after the theft a tenant occupying another apartment in the building found a key in the lock of one of her doors and turned the same over to the doorman, who in turn gave it to the superintendent. It

was identified as the missing passkey. In my opinion there is justification in these findings for a plaintiffs' verdict based upon the negligence of the defendant's agents in failing to take some precautionary steps calculated to avert or minimize the risk entailed in the loss of the passkey, particularly in view of the superintendent's suspicion that the theft was an "inside job." Defendant was under a duty to protect its tenants, including these plaintiffs, against the risk of having the passkey fall into the hands of persons who might make unlawful use of it. This risk was one reasonably to have been apprehended and defendant should not be absolved of liability because the loss was occasioned by the criminal act of another (*Abbott* v. *New York Public Library, etc.,* 263 App. Div. 314; 2 Restatement, Torts, § 449).

This case, it seems to me, presents the exception to the rule that ordinarily where there is a superseding cause of injury through the commission of an intentional tort or crime, the defendant would not be liable. That exception is to be found in the American Law Institute Restatement of the Law of Torts, as follows: " § 449. *Tortious or Criminal Acts the Probability of Which Makes the Actor's Conduct Negligent.* If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby." (2 Restatement, Torts, § 449.)

To this rule the Restatement adds the following comment: " *Comment:* a. The happening of the very event the likelihood of which makes the actor's conduct negligent and so subjects the actor to liability, cannot relieve him from liability. The duty to refrain from the act committed or to do the act omitted is imposed to protect the other from this very danger. To deny recovery because the other's exposure to the very risk, from which it was the purpose of the duty to protect him, resulted in harm to him, would be to deprive the other of all protection and to make the duty a nullity." The trial court in directing judgment against defendant made a lump sum award to all of the plaintiffs and this despite the failure of one of them to present competent evidence of the value of her stolen articles. Upon this state of the record the judgment in its present form renders inquiry into its propriety impossible. In view of the separate claims asserted the award should have been separately itemized.

I am accordingly of the opinion that the judgment and order appealed from should be modified by striking therefrom the amount of plaintiffs' recovery against defendant and by directing an assessment of plaintiffs' damages by the court, and as so modified affirmed.

MacCrate and Smith, JJ., concur in memorandum *Per Curiam;* Steinbrink, J., dissents in memorandum.

Judgment reversed, etc.