Brewster, J.
Plaintiff has had recovery for damages on account of severe personal injuries he accidentally sustained and for which the defendants have been held liable in negligence.
There is little dispute as to the facts and circumstances which led to plaintiff’s accident. Between 5:00 and 6:00 p.m. on December 19, 1948, he was a passenger in an automobile owned and operated by defendant Duval. They were en route to a meeting the purpose of which was common to them. Weather conditions, which had prevailed during the day, made driving unusually hazardous. The surface of the street, Michigan Avenue in Schenectady, over which they proceeded southerly, was slippery due to freezing rain, packed snow and ice. This condition was especially bad due to ice near the end of the avenue and where it intercepted Chrisler Avenue, and where there was a “ stop ” sign for travel southerly on Michigan. In so proceeding they followed an automobile of one Tomasek. As the latter brought his car to a stop near Chrisler Avenue, in obedience to the sign, Duval so operated his car that in attempting to stop, it slid or skidded forward and collided with the rear of the stopped Tomasek car, and the contacting bumpers became engaged and interlocked. Thereupon, the plaintiff and the two drivers having alighted from their cars and viewed the predicament, plaintiff volunteered and advised a solution of the difficulty and offered his participation therein; and, in voluntarily so partaking he met with his injuries as herein later described. In executing the solution so planned, plaintiff stood upon one or both of the locked bumpers and, under his direction, Tomasek eased his car forward and Duval, his rearward and plaintiff’s weight bore down upon Duval’s bumper and disengaged it. The impact of the prior collision had been slight and Duval’s front bumper had pushed under Tomasek’s rear one. The evidence is that the operation just described took place in a very short space of time, variously estimated from thirty seconds to a minute or two. After plaintiff had stepped to the ground and before he had moved from his position partly between the two *451 separated cars, defendant Oliver, proceeding along Michigan and towards them, so operated his car that, in attempting to stop, it slid or skidded into the rear of the stopped Duval car and propelled it into the rear of the Tomasek car pinioning plaintiff in between them and causing his injuries.
Michigan Avenue is one-half mile long, straight and level. In consists of two traffic lanes eighteen feet wide, separated by islands three feet wide. It was well lighted at the time and all of the three cars aforesaid had their headlights turned on. Both the Tomasek and Duval cars had rear stop lights which worked from the brake pedal. Tomasek experienced little or no difficulty in halting his car at the stop sign, and without any untoward incident.
Whether, in acting as he did in assisting in separating the Tomasek and Duval cars, plaintiff was guilty of contributory negligence, was, I think under the circumstances shown, a question of fact for the jury. I regard it as one as to which reasonable minds could honestly differ. What he did is somewhat commonly done. Plaintiff was not bound, as a matter of law, to assume the happening of the second accident wherein he was injured. He certainly was not bound to anticipate that Oliver would negligently collide with the rear of the Duval car. The facts of the prior collision shortly before and the prevailing weather conditions had a probative effect as regards his exercise of due care for his own safety, but I do not regard them decisive as a matter of law. I think the finding that he was not contributorily negligent has sufficient evidentiary support.
As to the negligence charged against the defendants: They knew they were operating their automobiles under conditions which were especially hazardous. That measured the degree of care which it was their duty to exercise, and called for a degree of care commensurate with the unusual and known danger. As to each defendant there was, as I view it, sufficient evidence to warrant the jury in finding that each failed in the duty incumbent upon him, the failure of which caused each ear to collide with the one which was stopped ahead of it. While skidding, alone and unexplained, is not proof of negligence, we here have more than that. The icy and slippery condition of the street devolved a duty of driving at such a rate of speed and in such manner of control that a stop could be made without the accident that each, respectively, occasioned. There was evidence sufficient to sustain a finding that each failed in that duty.
The remaining question presented is whether defendant Duval’s conduct which brought about the first accident, or his *452 subsequent action in relation to it, either or both, may be said to have been a proximate cause of plaintiff’s-injuries. The evidence is substantially undisputed that at the time defendant Oliver’s car collided with the rear of Duval’s;, the first accident had become a completed occurrence. Its operation had ceased. The locked bumpers had been disengaged and the cars separated. The plaintiff so testified. When the second collision occurred the Duval car ivas stopped in the rear of Tomasek’s near the stop sign. Its presence and position was a normal one, and as matters then stood, no act or omission chargeable to Duval as negligence was in progress. That being the situation, new and independent acts occurred by the conduct of the other parties which produced the event which harmed the plaintiff. The act which directly produced the injuries constituted a force which arose independent of the cause which had theretofore produced the then completed and past event of the first collision. Subsequent acts alone produced the harmful event of the second collision in the causation of which none of the dynamics which brought about the prior collision played any part, for Oliver collided with the Duval car when it was at rest and in a normal position as regards due care and traffic rules. Neither the prior accident nor the effects thereof necessarily or in a natural sequence caused the second one. Duval, we say, had been negligent in causing the first accident. That negligence did plaintiff no harm, and the event it produced was complete, done and over with, when the second harmful event was produced by an independent force which was not set in motion by it. The risk undertaken by plaintiff he himself created. Therefore, Duval’s negligence was a remote but not a proximate cause of plaintiff’s injuries. All that can be said against Duval is that his negligence had produced a situation wherein plaintiff had voluntarily so placed himself as to render it dangerous to him, and that such danger so originating brought about his injuries because of the independent and negligent acts of Oliver. It seems to me that this analysis is sound and depicts a classic example of an instance where a remote cause, (Duval’s negligence resulting in the first accident), did nothing more than to furnish the condition or give rise to the occasion by which the injury was made possible and which was brought about by the intervention of a new, independent and efficient cause. Under the undisputed evidence the first accident was a causa sine qua non but not a causa causans of plaintiff’s injuries. (Trapp v. McClellan, 68 App. Div. 362, 367.) In such a case it has long and repeatedly been held that the author of the remote cause is not liable for *453 the injury. The rule is thus stated in Corpus Juris (Vol. 45, Negligence, § 491), viz: “ A prior and remote cause cannot be made the basis of an action if such remote cause did nothing move than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury, even though such injury would not have happened but for such condition or occasion.” (See, also, 65 C. J. S., Negligence, § 104, p. 653.)
• In Laidlaw v. Sage (158 N. Y. 73, 98-99), the rule as stated by early text writers is quoted with approval as follows: “ Bishop, in his work on Non-Contract Law (§ 42), in discussing this question, after remarking as to the uncertainty with which the term ‘ proximate cause ’ may have been used and applied, and after defining the terms ‘ proximate ’ and ‘ remote ’ cause, says:1 If, after the cause in question has been in operation some independent force comes in and produces an injury not its natural or probable effect, the author of the cause is not responsible. ’ * * *
“ Wharton thus discusses the question: ‘ Supposing that if it had not been for the intervention of a responsible third party the defendant’s negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative for the general reason that causal connection between negligence and damage is broken by the interposition of independent responsible human action. I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor and insulates my negligence so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured.’ (Wharton on Negligence, § 134.) ” More recently, in Saugerties Bank v. Delaware & Hudson Co. (236 N. Y. 425, 430), the majority opinion, (Hiscock, Ch. J.), stated:11 There has been produced a great amount of legal literature and numberless opinions on this subject of proximate cause which it is impossible and undesirable to attempt to review. But I think that there is one fundamental rule which has been clearly established in the discussion of the subject which is decisive of this case, and that is the one that the act of a party sought to be charged is not to be regarded as a proximate cause unless it is in clear sequence with the result and unless it could *454 have been reasonably anticipated that the consequences complained of would result from the alleged wrongful act; that if the consequences were only made possible by the intervening act of a third party which could not have reasonably been anticipated then the sequential relation between act and results would not be regarded as so established as to come within the rule of proximate cause.”
In the more recent cases where the application of the rule has been sought and denied the facts and circumstances presented a factual question as to whether the original fault and its effects continued in natural sequence to operate in producing the harmful event. (Donnelly v. Piercy Constr. Co., 222 N. Y. 210; Farr v. Wright, 273 N. Y. 560; Matter of Guardian Cas. Co., 253 App. Div. 360, affd. 278 N. Y. 674.)
Since the evidence as to the cause of the accident which injured plaintiff is undisputed the question as to whether any act or omission of the defendant Duval was a proximate cause thereof was one for the court and not for jury (Hoffman v. King, 160 N. Y. 618, 628; Trapp v. McClellan, 68 App. Div. 362, 365, supra), and his motion for a nonsuit and dismissal of the complaint made at the close of plaintiff’s case and renewed at the close of all the evidence should have been granted.
The judgment should be reversed, on the law and complaint dismissed as against defendant Eugene A. Duval, with costs, and affirmed as against the defendant James H. Oliver, and the order denying said defendants’ motion to set aside the verdict and for a new trial should be affirmed, with costs.
Foster, P. J., Deyo, Bergan and Coon, JJ., concur.
Judgment in the case as against the defendant Duval and the order denying his motion for a new trial, reversed, on the law, and complaint dismissed, with costs against the respondent Gralton.
Judgment against the defendant Oliver and the order denying his motion to set aside the verdict and for a new trial affirmed, with costs in favor of the respondent, G-ralton.
In reversing the judgment against the defendant Duval, this court affirms the facts implicit in the judgment.