Per Curiam.

The evidence presented does not establish that the tenants ’ loss, resulting from an act of vandalism, could have been reasonably anticipated so as to impose a duty upon the landlord to increase existing security measures.
Judgment reversed, with $30 costs, and judgment directed for the defendant, with costs.
Hofstadter, J. P.
I cannot agree that as matter of law plaintiffs failed to establish negligence on the part of defendant. If defendant failed to provide adequate safeguards against vandalism — an issue of fact (Beauchamp v. New York City Housing Auth., 12 N Y 2d 400, 407-408) —it is liable even if the exact manner in which its negligence would result in injury could not be foreseen. It is enough if it was foreseeable that some injury would result (Williams v. State of New York, 308 N. Y. 548, 556, citing Lowery v. Manhattan Ry. Co., 99 N. Y. 158,162-163). The court below found inadequate safeguards.
Liability is not defeated by the intervening act, since defendant’s acts “ gave rise to the stream of events that culminated in the ” damage to plaintiffs’ property (Matter of Guardian Cas. Co., 253 App. Div. 360, 362-363, affd. 278 N. Y. 674; Farr v. Wright, 273 N. Y. 560; Di Sabato v. Soffes, 9 A D 2d 297, 304-305; De Sessa v. City of White Plains, 30 Misc 2d 817, 822; Latoni v. City of New York, 11 Misc 2d 363, 366).
We should not overturn the carefully considered conclusions, warranted by the evidence of the trial court, on these questions of fact. I therefore dissent and vote to affirm.
Hecht and Gold, JJ., concur; Hofstadter, J. P., dissents and votes to affirm in dissenting memorandum.
Judgment reversed, etc.