■ CLARA M. JONES, Respondent, v BANNER MOVING AND STORAGE, INC., et al., Appellants. LOUIS J. LEFKOWITZ, Attorney-General, Intervenor-Appellant.—In an action, *inter alia,* to recover possession of chattels and for declaratory relief, (1) defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated October 4, 1974, as (a) granted plaintiff's motion for partial summary judgment to the extent of (i) declaring sections 7-209 and 7-210 of the Uniform Commercial Code to be unconstitutional and (ii) directing defendants not to rely on said sections and to return plaintiff's chattels and (b) denied defendants' cross motion to dismiss the complaint; and (2) the intervenor Attorney-General appeals from so much of the same order as found a constitutional issue and declared the above-mentioned sections 7-209 and 7-210 unconstitutional. Order modified by striking therefrom the decretal paragraphs numbered 2, 3 and 4 and substituting therefor a provision denying plaintiff's motion in its entirety. As so modified, order affirmed insofar as appealed from, without costs. In the complaint and supporting papers on her motion for partial summary judgment, plaintiff alleged that she was evicted from her apartment while she was out of the State. On the day of eviction, a New York City Marshal came to her apartment, together with four moving men employed by defendant Banner Moving & Storage, Inc., to remove her and place the landlord in possession. Plaintiff's personal possessions were removed to Banner's warehouse. Banner alleged that plaintiff's 18-year-old daughter specifically requested that Banner take possession of these household goods and that, to that end, she signed a mover's inventory record, a household goods descriptive inventory and a warehouse receipt. On the other hand, plaintiff claimed that only the descriptive inventory was signed by her daughter, that the daughter was told that the goods were being

taken to Banner's warehouse, that she did not know there was a charge for this and that she was not informed of the alternatives to storage at Banner's warehouse. (It appears upon the record that the property, in the usual course of events, would have been taken to the Bureau of Encumbrances of the Department of Sanitation.) Plaintiff also alleged that the daughter had no authority to enter into a contract with Banner. Despite causes of action for return of her goods and for monetary damages, plaintiff moved for partial summary judgment with respect only to that portion of the complaint which asked for judgment declaring sections 7-209 and 7-210 of the Uniform Commercial Code unconstitutional as violative of the requirements of due process, both on their face and as applied to plaintiff. These sections deal with the retention and enforcement provisions of the warehouseman's lien. On this state of the record, any determination with respect to the constitutionality of the warehouseman's lien is premature *(Matter of Peters v New York City Housing Auth., 307 NY 519, 527–528)*. Resolution of the constitutional issue would be obviated by a determination favorable to plaintiff on the cause of action to recover possession of the chattels. Such a disposition would be much preferable to a determination on constitutional grounds *(Matter of Peters v New York City Housing Auth., supra)*. Moreover, it is apparent that certain facts relevant to that cause of action are also relevant to the due process issues. This is especially true with regard to the issue concerning the presence or absence of State action. Under the circumstances, a full and complete trial should be held. Benjamin, Acting P. J., Rabin, Hopkins, Latham and Munder, JJ., concur. [78 Misc 2d 762.]