■ E-J ELECTRIC INSTALLATION Co., Respondent, v SALANTER AKIBA RIVERDALE ACADEMY, Appellant, et al., Defendants.—Order, Supreme Court, Bronx County, entered July 10, 1975, unanimously affirmed, without costs and without disbursements. Appeal is from denial of defendant-appellant's motion for summary judgment dismissing the complaint on the ground that the Lien Law, basis of the action, is unconstitutional in that it permits taking of property without due process in the form of a prejudgment hearing. It is unnecessary to reach this question at this juncture. There is no clear and unequivocal showing of unconstitutionality, and there are other issues raised—exaggeration of the lien, payment, breach of contract—the resolution of any one of which may well be dispositive of the case. (Cf. *Jones v Banner Moving & Stor.*, 48 AD2d 928.) The issue of constitutionality is thus raised prematurely. Concur—Markewich, J. P., Murphy, Silverman, Capozzoli and Lane, JJ.

■ In the Matter of ELNORA NELSON, Petitioner, v JAMES R. DUMPSON, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Determination after fair hearing by respondent State Commissioner of Social Services dated June 27, 1975 unanimously annulled, on the law, and the matter remanded to said respondent for further proceedings not inconsistent herewith, without costs and without disbursements. Said respondent's determination affirmed the New York City commissioner's determination that required recoupment from petitioner of an overpayment of public assistance because petitioner's son Frank had been included in the budget when he was outside the household. The determination was based on section 348.4 of the regulations of the State Department of Social Services (18 NYCRR 348.4) which covers cases of "suspected fraud" and which provides for such a recoupment on the basis of evidence "which clearly establishes that the * * * recipient of public assistance and care willfully withheld" relevant information. The record at the fair hearing does not contain substantial evidence that such information was willfully withheld or that there was fraud. Petitioner testified that she told her case worker of Frank's absence from the household. Respondent's records are not inconsistent with that, perhaps due to incompleteness of records. Nobody testified that petitioner had not made this disclosure. Some allowances late in the disputed period seemed to be based on a family unit that did not include Frank. The present determination is without prejudice to any relief to which respondent may be entitled by reason of overpayment due to honest mistake rather than fraud. Concur—Stevens, P. J., Markewich, Murphy, Silverman and Nunez, JJ.