Victor C. JOHNSON, Appellee,

v.

PALMER COLLEGE FOUNDATION,
Appellant.

No. 2–60391.

Court of Appeals of Iowa.

Aug. 31, 1978.

Review by Supreme Court Denied
Nov. 3, 1978.

Thomas F. Daley, Jr., of Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellant.

C. J. Munson, Bettendorf, and Dudley C. Lowry, Davenport, for appellee.

Heard by DONIELSON, Acting C. J., and SNELL, OXBERGER and CARTER, JJ.

PER CURIAM.

This is an appeal from a trial court judgment awarding plaintiff Victor C. Johnson $18,220 actual damages and $5000 exemplary damages against defendant Palmer College Foundation. Palmer was the successor lessor of a building Johnson leased in which to operate his machine shop. Johnson claimed damages from demolition, from water caused by vandals who turned faucets on in vacant apartments about his premises and from rain water that came into those apartments through broken windows. Palmer appeals raising questions of law and sufficiency of the evidence.

Initially, Palmer asserts there was an accord and satisfaction that occurred when Johnson moved out of the premises in August, 1973, before his written lease expired on November 1, 1973. Palmer paid $2,488.61 in moving expenses, $1100 for heating equipment and electrical work in the new premises, and $900 for five months rent for Johnson. No written agreement was made regarding the move, but Palmer asserts a settlement arises by implication.

■ An accord and satisfaction may be implied from the circumstances surrounding a transaction. *Winn v. Rudy-Patrick Seed Co.*, 249 Iowa 431, 86 N.W.2d 678, 681 (1957); *see also Shahan v. Bayer Vehicle Co.*, 179 Iowa 923, 162 N.W. 221 (1917). There is substantial evidentiary support that Palmer's actions were prompted by its desire to demolish the building Johnson occupied so that a parking lot could be completed there before homecoming festivities in August. The trial court correctly held there was no accord and satisfaction of Johnson's claim for damages.

The trial court granted recovery of Johnson based on the acts and omissions of Palmer which increased the danger to Johnson of damage by vandals. Those acts consisted of tearing down buildings adjacent to and in the vicinity of Johnson's business to build its parking lot and in ordering other tenants out of the building so that it was vacant except for Johnson's business. Principal reliance for authority is placed on *Lillie v. Thompson*, 332 U.S. 459, 68 S.Ct. 140, 92 L.Ed. 73 (1947) (plaintiff was injured after being sent into a high crime area by her employer who had actual knowledge of the high frequency of criminal activity), and *Kline v. 1500 Mass. Ave. Apt. Corp.*, 141 U.S.App.D.C. 370, 439 F.2d 477, 43 A.L.R.3d 311 (1970) (plaintiff tenant assaulted in hallway of her apartment after security measures had been reduced by landlord in spite of increase in crime incidence).

Johnson's case must stand on his claim for damages caused by vandals turning on the water faucets in vacant apartments above him. He testified dust from demolition of other buildings would have caused no problem without the water; he also testified that rain water blowing in through the broken windows caused no damage. Thus, for liability to ensue Johnson must establish breach of a duty owed by Palmer predicated on a contractual obligation or upon a showing of negligence. In *Alebrande v. New York City Housing Authority*, 49 Misc.2d 880, 268 N.Y.S.2d 579 (1966) *rev'g* 44 Misc.2d 803, 254 N.Y.S.2d 326 (1964), it was held the housing authority was not liable for water damage to the personal property of tenants resulting from the acts of vandals who had gained access to the vacated apartment immediately above that of the tenants and had broken some water pipes therein. The court found the acts could not have been reasonably anticipated so as to impose a duty to increase existing security measures. *See also Gulf Reston, Inc. v. Rogers*, 215 Va. 155, 207 S.E.2d 841 (1974); *Trice v. Chicago Housing Authority*, 14 Ill.App.3d 97, 302 N.E.2d 207 (1973); *Benjamin v. Brooklyn Trust Co.*, 185 Misc. 296, 57 N.Y.S.2d 816, *appeal denied*, 269 App.Div. 939, 57 N.Y.S.2d 846 (1945); "Landlord's Obligation to Protect Tenant Against Criminal Activities of Third Persons", 43 A.L.R.3d 331, 352–53.

We have thoroughly reviewed the record and fail to find any breach of the landlord's covenant of possession contained in the lease. Nor do we find the evidence established a duty on the part of Palmer to protect Johnson from vandal's damage which occurred after demolition of surrounding buildings and vacating of the apartments without having the water shut off. We find the actions by vandals could not have been reasonably anticipated so as to impose a duty upon Palmer to refrain from its acts or provide additional security. *See Alebrande, supra*. Additionally, we find insufficient evidence of notice to Palmer of prior break-ins to establish a duty regarding the water damage. *Cf. Lillie, supra; Kline, supra*.

We hold Palmer is entitled to judgment in its favor. Since this issue controls, other contentions of Palmer need not be considered.

REVERSED.