DOROTHY SVENDSEN, Appellant, v SMITH'S MOVING AND TRUCK-ING COMPANY et al., Respondents.

Second Department, August 18, 1980

### APPEARANCES OF COUNSEL

*Westchester Legal Services, Inc.* (*Martin A. Schwartz* and *Virginia Knaplund* of counsel), for appellant.

### OPINION OF THE COURT

*Per Curiam.*

At issue is the constitutionality of subdivision (2) of section 7-210 of the Uniform Commercial Code insofar as it authorizes the ex parte sale of the bailed goods, without first affording the lienee the opportunity for a hearing.

Plaintiff, Dorothy Svendsen, was evicted from her rented apartment pursuant to a judgment and warrant of eviction. Under the direction of the City Marshal, her belongings were removed by Smith's Moving and Trucking Company to its warehouse for storage. She alleges that she neither authorized nor contracted with said defendants to remove or store her possessions. After the initial payment of the moving and storage charges by the Westchester County Department of Social Services, plaintiff began to receive bills for monthly storage charges. The charges accumulated and plaintiff eventually received a notice of sale from the defendants. The notice informed her that defendants had imposed a warehouseman's lien upon her goods pursuant to section 7-210 of the Uniform Commercial Code and intended to seek enforcement. Additionally, it stated that the failure by plaintiff to pay the charges due by a certain date would result in the sale of her possessions. Plaintiff contacted the defendants and informed them of the value of her possessions. Subsequent telephone calls were not returned. After being unable to ascertain the status of her possessions, plaintiff consulted counsel who discovered that most of her belongings had been sold. Plaintiff was never given an opportunity to contest the lien or the sale at a hearing.

As a result of the sale of her possessions, plaintiff brought this action seeking declaratory and injunctive relief and damages on the ground that section 7-210 violates the State's due process clause (NY Const, art I, § 6). After issue was joined (the Attorney-General declined to intervene), plain-

tiff moved for class action certification and summary judgment (except as to damages). Special Term, relying on *Jones v Banner Moving & Stor.* (48 AD2d 928), denied class action certification and also denied plaintiff's motion for summary judgment on the ground that a determination favorable to her on the requests for nonconstitutional relief would obviate resolution of the constitutional issue. For the reasons stated below, we modify the order of Special Term and declare that section 7-210 of the Uniform Commercial Code is unconstitutional.

The *Jones* rationale does not apply in this case. Although *Jones (supra)* involved a similar challenge to the statutory provisions governing the ex parte enforcement of a warehouseman's lien, the *Jones* complaint included several nonconstitutional causes of action which would afford the same relief. However, the gravamen of this action is the due process claim and the relief requested is based solely upon a finding of unconstitutionality. No alternative causes of action appear in the complaint. Nor are there any factual issues which must be developed prior to reaching the due process question. Therefore, the substantive issue of whether subdivision (2) of section 7-210 of the Uniform Commercial Code is constitutional should have been reached (see *Sharrock v Dell Buick-Cadillac,* 56 AD2d 446, affd 45 NY2d 152, which entailed a virtually identical challenge to the constitutionality of the garageman's lien [Lien Law, §§ 200-202, 204]).

On such consideration, we conclude that the provisions of subdivision (2) of section 7-210 of the Uniform Commercial Code, which authorize the ex parte foreclosure of a warehouseman's lien, violate the due process clause of the Constitution of the State of New York (NY Const, art I, § 6) because they fail to afford the lienee the opportunity for a hearing. *Sharrock v Dell Buick-Cadillac (supra),* which involved a similar challenge to the analogous procedures for enforcing a garageman's lien (Lien Law, §§ 200-202, 204), is dispositive of this action. Both the garageman's and warehouseman's liens permit the enforcement of a valid possessory lien by an ex parte nonjudicial sale of the debtor's property without affording the debtor an opportunity to be heard (cf. Lien Law, §§ 200-202, 204, with Uniform Commercial Code, § 7-210). By these provisions, New York State has extended creditor's rights beyond the common law and "has so entwined itself into the debtor-creditor relationship as to constitute sufficient and meaningful

State participation which triggers the protections afforded by our Constitution" *(Sharrock v Dell Buick-Cadillac,* 45 NY2d, at p 161; see, also, *Blye v Globe-Wernicke Realty Co.,* 33 NY2d 15). In addition, the procedure allowing the ex parte foreclosure of a warehouseman's lien is a delegation to the warehouseman of the "exclusive power of the sovereign to resolve disputes" *(Sharrock v Dell Buick-Cadillac, supra,* p 162). Such a delegation is sufficient to involve the due process protections guaranteed by section 6 of article I of the New York Constitution.

As in *Sharrock (supra),* the State's authorization of ex parte foreclosure of the warehouseman's lien is violative of State due process as it deprives debtors of a significant property interest without a prior opportunity to be heard (see *Sharrock v Dell Buick-Cadillac,* 45 NY2d 152, 163-167, *supra).* The similarities between the statute in *Sharrock (supra)* and at bar compel this result (see *Sharrock v Dell Buick-Cadillac, supra,* at pp 159, 174 [JASEN, J., dissenting]; see, also, The Constitutionality of New York's Garageman's Lien: A "Flexible" State Action Concept Under the State Due Process Clause, 43 Alb L Rev 121, 132). Nor do the factual differences between how garagemen's liens and warehousemen's liens may arise suggest a viable basis for distinction. Both essentially entail the sale of valuable personal property without giving the debtor the opportunity to be heard or otherwise challenge the validity of the lien. The decision in *Flagg Bros. v Brooks* (436 US 149), in which the same warehouseman's lien provisions survived a Federal due process challenge, does not alter this result, since our determination is necessarily based upon the due process clause contained in the New York State Constitution as construed by the Court of Appeals in *Sharrock v Dell Buick-Cadillac (supra).*

■ Finally, Special Term's denial of class action status was not an abuse of discretion. Subsequent complainants will be adequately protected under the principle of *stare decisis* (see *Matter of Jones v Berman,* 37 NY2d 42; *Matter of Rivera v Trimarco,* 36 NY2d 747; *Sharrock v Dell Buick-Cadillac,* 56 AD2d 446, affd 45 NY2d 152, *supra).*

HOPKINS, J. P., RABIN, COHALAN and WEINSTEIN, JJ., concur.

Order of the Supreme Court, Westchester County, dated January 24, 1980, modified, on the law, by (1) deleting from the first decretal paragraph thereof the word "denied" and

substituting therefor the word "granted" and (2) adding provisions thereto (a) declaring that subdivision (2) of section 7-210 of the Uniform Commercial Code is unconstitutional to the extent that it authorizes the ex parte sale of the bailed goods, without first affording the lienee the opportunity for a hearing, and (b) enjoining defendants, their agents, employees, successors, and anyone acting on their behalf from selling, transferring or disposing of plaintiff's property pursuant to subdivision (2) of section 7-210 of the Uniform Commercial Code without affording plaintiff an opportunity for a prior hearing. As so modified, order affirmed, with $50 costs and disbursements to plaintiff.