■ ANDREW HENDERSON et al., Respondents, v HORTES HOLLEY et al., Appellants.—In an action to recover damages for conversion, defendants appeal from a judgment of the Supreme Court, Kings County (Dowd, J.), entered April 16, 1982, which, after a nonjury trial, is in favor of the plaintiffs and against them in the amount of $5,097.

Judgment reversed, on the law, without costs or disbursements, and complaint dismissed.

Plaintiffs instituted this action, *inter alia,* to recover damages for defendants' conversion of certain items of plaintiffs' furniture which were being stored in defendants' warehouse and which defendants subsequently sold. Defendants' argument that the sale of a portion of plaintiffs' property was

proper in order to satisfy their unpaid storage bill because it was in accordance with UCC 7-210 is erroneous. That section was declared unconstitutional in *Svendsen v Smith's Moving & Trucking Co.* (76 AD2d 504, *affd* 54 NY2d 865, *cert denied* 455 US 927). The court held that insofar as the section authorized the ex parte foreclosure of a warehouseman's lien, it violated the due process clause by failing to afford the lienee the opportunity for a hearing. The haphazard procedure followed by defendants here did not afford plaintiffs due process. Plaintiffs never even received notice that defendants intended to sell their furniture. Therefore, Trial Term correctly held in plaintiffs' favor on the issue of liability.

Nevertheless, the judgment must be reversed and plaintiffs' complaint dismissed due to their failure to prove damages.

It was incumbent upon plaintiffs to prove their damages, through the testimony of an expert or by any other relevant means by which the value of the furniture at the time of its conversion could be determined (*Lake v Dye,* 232 NY 209; *Alebrande v New York City Hous. Auth.,* 44 Misc 2d 803, 808, *revd on other grounds* 49 Misc 2d 880; *Ashare v Mirkin, Barre, Saltzstein & Gordon,* 106 Misc 2d 866, 869). Although plaintiffs annexed a list to the complaint which set forth the original cost of the stored furniture (and which was apparently used by trial court as a guide in determining the value those items which had been sold by the defendants), plaintiffs failed to adduce any probative evidence with respect to the deterioration, if any, in the condition of the furniture from the time it was obtained to the time of conversion (*Ashare v Mirkin, Barre, Saltzstein & Gordon, supra*).

Since the plaintiffs failed to sustain their "burden of proof of producing sufficient evidence to form a basis for an estimate of damages with some degree of exactness" (*Alebrande v New York City Hous. Auth., supra,* at p 808), the judgment must be reversed and the complaint dismissed. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.