OPINION OF THE COURT
Per Curiam.
Judgment entered on or about December 28, 1999 reversed, *704 without costs, and action dismissed.
No basis is shown to impose liability in negligence or otherwise upon defendant for the public sale of plaintiffs warehoused property, in view of the defendant’s unassailable documentary showing that it complied with the notification and publication requirements of article 7 of the Uniform Commercial Code (cf., Shimamoto v S&F Warehouse, 257 AD2d 334, appeal dismissed in part, lv denied in part 94 NY2d 837). The trial record significantly shows that defendant properly served a notice of sale dated October 1, 1996 upon plaintiff’s brother — the lone record tenant of the apartment premises from which the property was lawfully removed and the only person “known to claim an interest in the goods” (UCC 7-210 [2] [a]) during the relevant 10-day period after service of the notice {see, UCC 7-210 [2] [c], [f]; 7-211). Further, the notice of sale contained the requisite statement that “any person claiming an interest in the goods” may bring a special proceeding under UCC 7-211 to challenge the validity of the lien or the amount claimed (UCC 7-210 [2] [c]), a procedure not followed by plaintiff or his brother. No further statutory notice was required as a precondition to the public sale — an event which took place on January 14, 1997, after plaintiff was afforded a reasonable opportunity and failed to pay the amount necessary to satisfy defendant’s lien (see, UCC 7-210 [3]).
Nor was the public sale shown to violate any due process requirements. In this regard, plaintiff incorrectly cites to Svendsen v Smith’s Moving & Trucking Co. (76 AD2d 504, affd 54 NY2d 865, cert denied 455 US 927), in challenging the constitutionality of UCC 7-210 (2). Svendsen was decided prior to the passage of UCC 7-211 and, indeed, the due process concerns articulated in Svendsen spurred the Legislature to add that section to the warehouseman’s lien statute so as to permit “a person who claims an interest in the goods held under a warehouseman’s lien to be heard before the warehouseman may sell the goods.” (Mem of Law Rev Commn, 1982 NY Legis Ann, at 162.)
Even were a proper basis to impose liability upon defendant discernable in the record, we would vacate the damage award since plaintiff presented no competent proof of the value of the goods at the time of their claimed conversion (see, Henderson v Holley, 112 AD2d 190). Since plaintiff cannot prevail “accord *705 ing to the rules and principles of substantive law” (CCA 1807), the small claims action must be dismissed.
Parness, P. J., Cancel-Jacob and Suarez, JJ., concur.