RICHARD DUPONT, Doing Business as DUPONT ESTATES, et al., Plaintiffs, v JOEDON & COMPANY et al., Appellants, and JAMES CAFFREY et al., Respondents, et al., Defendants.

First Department, March 26, 1985

### APPEARANCES OF COUNSEL

*Linda E. Kupersmith* of counsel (*Kupersmith & Kupersmith,* attorneys), for James Caffrey and others, respondents.

*Raymond A. Bragar* of counsel (*Paul D. Wexler* with him on the brief; *Bragar & Wexler,* attorneys), for Joedon & Company and another, appellants.

### OPINION OF THE COURT

FEIN, J.

The issue on this appeal is the liability of defendants Joedon & Company (Joedon) and Donald Zucker, and the extent thereof, for moving and storage charges stemming from the removal by defendant The Padded Wagon, Inc. (Wagon), on January 9-11, 1979, of gym equipment owned by plaintiff, a commercial tenant of Joedon and Zucker. When plaintiff was evicted from the premises owned by Joedon and Zucker, plaintiff's equipment

was placed in the premises of Warehouse for storage. It remained there until December 3, 1982, when it was sold at public auction conducted on behalf of Joedon and Zucker as plaintiff's judgment creditor and purchased by Wagon and defendant New Yorker Warehouse Co., Inc. (Warehouse) for $150. The action was commenced by plaintiff tenant for damages for wrongful eviction and related causes of action. Plaintiff's complaint has been dismissed. No issue with respect thereto is now before this court.

The answer of Warehouse and Wagon asserted a cross claim against Joedon and Zucker for indemnification and for payment of moving and storage charges. Joedon and Zucker pleaded as an affirmative defense to the cross claim that Warehouse was obliged to sell the stored equipment at public auction, which it had scheduled for March 7, 1980 but unilaterally canceled so that charges incurred thereafter were solely due to the conduct of Wagon and Warehouse.

Subsequent to the sale of the equipment, Wagon and Warehouse moved for summary judgment against Joedon and Zucker. The moving affidavits demonstrated that the equipment was moved and stored at the direction of the Sheriff of the City of New York in whose name it was stored, at the instance of Joedon and Zucker.

Joedon had agreed to indemnify Wagon and Warehouse for any action that might arise out of the moving and storage of plaintiff's goods, and had undertaken to make payment of moving and storage charges, and together with Zucker had guaranteed such payment. The warehouse receipts provided that the storage contract was for a minimum period of three months and was thereafter terminable at will. The account was payable monthly, in advance, and provided: "Interest will be charged on all accounts unpaid for a period of three months after they become due."

It is undisputed that Joedon and Zucker knew the goods were stored by Warehouse, and that they could have withdrawn the goods and terminated the storage contract upon payment of warehouse charges, but chose not to do so. They could also have sold the goods at public auction, as plaintiff's judgment creditor, commencing November 13, 1978, but failed to do so until December 3, 1982. They made no payment since February 8, 1979, when Joedon paid an invoice of $13,405 moving charges and $2,184 warehouse charges for handling on receipt of the goods.

Under the warehouse receipt and the Uniform Commercial Code, Warehouse had a right, but not an obligation, to execute upon its warehousemen's lien. Warehouse asserted that the

March 7, 1980 noticed warehouseman's sale was canceled due to plaintiff tenant's claim of ownership of the goods and questions as to the constitutionality of the statute permitting the ex parte sale of the bailed goods without affording any opportunity for a hearing (*Sharrock v Dell Buick-Cadillac*, 45 NY2d 152, holding Lien Law §§ 200-204 unconstitutional).

Joedon and Zucker had been promptly notified of such cancellation of the warehouseman's lien sale and advised that such cancellation had no effect on their right to conduct a sale as plaintiff's judgment creditor. The claim against Joedon and Zucker for $165,312.42, as to which summary judgment was granted, was arrived at as follows: storage charges and sales tax totaling approximately $2,360 plus taxes per month for 47 months, and late charges calculated on the basis of 1½% per month interest on the balance due for more than 3 months, resulting in a compounding of prior late charges. As a consequence, by the last billing period, late charges apparently exceeded the storage charges. In addition, an unexplained charge of $3,800 for six separate moving charges was included.

Joedon and Zucker contended that they made no agreement to pay indefinitely for storage costs, and that bills were not paid because Warehouse had scheduled the auction sale for March 7, 1980. It was further claimed that Warehouse was orally advised to schedule an immediate sale of the goods because they were of little value and were to be held a maximum of three months only to meet the Sheriff's requirement.

We agree with Special Term that the parties' writings constituted an integrated agreement contradicting any contention that Joedon and Zucker were liable only for the three-month storage fee. Moreover, there was no agreement or other legal obligation of Wagon and Warehouse to sell the goods at any specific time to satisfy the warehouseman's lien. In the absence of a direction to conduct a sale on a hold harmless basis, Wagon and Warehouse had no duty to mitigate damages. Joedon and Zucker, as judgment creditors of the plaintiff, could have removed the goods from the warehouse or conducted their own public sale.

We agree with Special Term that parol evidence was not admissible to vary the plain terms of the writings containing a merger clause affirming and reaffirming that Joedon would pay for storage pursuant to bills rendered "from time to time".

There is no issue of fact. The storage contract was specifically terminable upon notice by the warehouse or by Joedon and Zucker after a minimum three months.

The assertion that the contract was only for a reasonable time, leaving a triable issue as to what constitutes a reasonable time, is without merit. A bailment contract terminable at will is generally subject to the future convenience of the parties, since often it is not known how long the bailment is expected to continue and it imposes a continuing duty of safekeeping. A bailment is deemed to be a "continuing contract until it [is] terminated by one of the parties, either by the removal" of the property by the bailor, "or notice to do so" by the bailee (*Sutherland v Albany Cold Stor. & Warehouse Co.*, 171 NY 269, 276; *see,* Official Comment, UCC 7-206). The assertion by Joedon and Zucker that they terminated the contract and directed a sale, raised for the first time at reargument, is without merit, as Special Term found. It is unsupported by any evidence. Inquiries as to the conduct of a sale are not a direction to sell.

The dispute concerning the location of the goods within the warehouse, and the cost of assembling the goods in one location, does not raise a triable issue. It was not pursued. Warehouse had no duty to foreclose its lien so as to mitigate damages. The lien remedy under UCC 7-209 and 7-210 is not exclusive, nor does it have the effect of relinquishing the warehouseman's right of action against the person liable for storage charges.

It is notable that the statutory provisions for ex parte foreclosure of a warehouseman's lien on bailed goods without affording a hearing have been held unconstitutional (*Svendsen v Smith's Moving & Trucking Co.*, 76 AD2d 504, *affd* 54 NY2d 865, *cert denied* 455 US 927). In the light of the uncertainty as to the state of the law, the cancellation by Warehouse of the March 1980 sale and the refusal to reschedule it was well warranted. As judgment creditors, Joedon and Zucker could have scheduled a sale.

The record is clear that the goods were in the warehouse up until the time of the ultimate sale at the instance of Joedon and Zucker. It is equally clear that they were informed of the rate and never objected thereto. However, there was never any agreement on a 1½% per month late charge. The warehouse receipts provide, generally, only for "[i]nterest * * * on all accounts unpaid for a period of three months after they become due." No rate is specified. As noted, the late charges were apparently in excess of $60,000.

Wagon and Warehouse claim that they relied on a tariff allegedly filed with the New York City Department of Consumer Affairs as a basis for the 1½% late charge. There is no

evidence that such tariff was referred to by the parties. Accordingly, an assessment is required as to the late charges and also as to the six moving charges which are totally unexplained.

It is noted that defendant James Caffrey asserted no cross claim and did not move for summary judgment, albeit he is a principal shareholder in Wagon and Warehouse. There was no basis for granting the motion and judgment in his favor, which should have been granted only as to Wagon and Warehouse.

The motion to dismiss the appeal from the order denying reargument, is denied. Although no appeal lies from an order denying reargument, it is plain that the motion was treated as a motion to renew, although denominated a motion to reargue. Special Term, at some length, further expanded upon the reasons for adhering to the relief originally granted on the motion.

Accordingly, the order, Supreme Court, New York County (Edward J. Greenfield, J.), entered May 24, 1983, granting defendants James Caffrey, New Yorker Warehouse Co., Inc., and The Padded Wagon, Inc., summary judgment on their cross claim against codefendants Joedon & Company and Donald Zucker, should be modified, on the law, to the extent only of denying summary judgment as to late charges and moving expenses subsequent to January 15, 1979, and the action remanded for an assessment as to the above charges, and striking Caffrey as a party to the motion, and otherwise affirmed, without costs; the

Judgment, Supreme Court, New York County (Edward J. Greenfield, J.), entered June 14, 1983, should be reversed, on the law and the facts, and the judgment vacated with leave to settle and enter an interlocutory judgment reflecting the liability of Joedon and Zucker for all other charges; and the

Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered September 26, 1984, denying appellants' motion to reargue or renew should be modified, as aforesaid, and otherwise affirmed.

MURPHY, P. J., SANDLER, ROSS and CARRO, JJ., concur.

Order, Supreme Court, New York County, entered on May 24, 1983, unanimously modified, on the law, to the extent only of denying summary judgment as to late charges and moving expenses subsequent to January 15, 1979, and the action is remanded for an assessment as to the above charges, and striking Caffrey as a party to the motion, and otherwise affirmed, without costs and without disbursements. It is further ordered that the judgment of said court entered on June 14, 1983, is

reversed, on the law and the facts, and the judgment vacated with leave to settle and enter an interlocutory judgment reflecting the liability of Joedon and Zucker for all other charges, and the order entered on September 26, 1984, is modified, as aforesaid, and otherwise affirmed.