■ Nuri Taub, Appellant, v The Art Students League of New York, Defendant, and Americon Construction, Inc., Respondent. [882 NYS2d 94]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 9, 2008, which granted plaintiff's motion to renew (denominated by the court as one to reargue) a prior order granting defendants' motion for summary judgment dismissing the complaint, and, upon renewal, adhered to the prior order, deemed to have denied renewal, and, so considered, unanimously affirmed, without costs.

While the motion court incorrectly denominated plaintiff's motion as one to reargue, it clearly treated it as one to renew, describing the evidentiary material submitted by plaintiff on the motion, a witness statement, and rejecting it for lack of an explanation why it was not submitted on defendants' prior motion for summary judgment dismissing the complaint for lack of evidence of, inter alia, the cause of plaintiff's fall (see CPLR 2221 [e] [2], [3]; *Dupont v Joedon & Co.*, 107 AD2d 369, 373 [1985]). In any event, the new evidence, however, should be rejected for failure to show due diligence in attempting to obtain the statement before the submission of the prior motion (see *Rubinstein v Goldman*, 225 AD2d 328, 328-329 [1996], *lv denied* 88 NY2d 815 [1996]; *Elson v Defren*, 283 AD2d 109, 113 [2001]). The hearsay statement of plaintiff's attorney describing his investigator's efforts to locate the witness lacks probative value. Even if we were to accept the attorney's statement, we would find that the investigator's efforts fell short of due diligence. Moreover, were we to accept the witness statement, it would not change the prior determination that there is no evidence probative of what caused plaintiff to trip and fall (CPLR 2221 [e] [2]). The witness does not identify plaintiff as the person who fell, stating only that he saw "a woman" fall, or specify when he saw the woman fall, stating only that it happened in the "fall of 2003." Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.