# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1128**
**CA 14-02154**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND VALENTINO, JJ.

---

CARLA L. MURA, NOW KNOWN AS CARLA L. PICCARRETO,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID JAMES MURA, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FRANK A. ALOI, ROCHESTER, FOR DEFENDANT-APPELLANT.

MAUREEN A. PINEAU, ROCHESTER, FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered February 14, 2014 in a divorce action. The judgment and order, inter alia, determined the amount of defendant's child support arrears.

It is hereby ORDERED that the judgment and order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, defendant appeals from a judgment and order that, inter alia, awarded plaintiff a money judgment against defendant in the amount of $489,635.04 for child support arrears. In appeal No. 2, defendant appeals from an order denying his motion for leave to renew his opposition to plaintiff's application for child support arrears.

In appeal No. 1, defendant advances contentions relating to determinations in an order entered November 20, 2012 concerning an unentered order and an oral stipulation. Defendant failed to perfect his appeal from the November 20, 2012 order, however, and the appeal was therefore deemed abandoned and dismissed pursuant to 22 NYCRR 1000.12 (b). " '[A] prior dismissal for want of prosecution acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal' " (*Chiappone v William Penn Life Ins. Co. of N.Y.*, 96 AD3d 1627, 1628, quoting *Bray v Cox*, 38 NY2d 350, 353), and we decline to exercise our discretion to review the merits of defendant's contentions (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 756; *Chiappone*, 96 AD3d at 1628).

Also in appeal No. 1, defendant contends that, at the hearing on postjudgment child support arrears, Supreme Court erred in refusing to admit in evidence a transcript of a deposition of plaintiff. We reject that contention. "Extrinsic evidence may not be used to

impeach credibility on a collateral issue" (*Lichtman v Gibbons*, 30 AD3d 319, 319; *see Cor Can. Rd. Co., LLC v Dunn & Sgromo Engrs., PLLC*, 34 AD3d 1364, 1365).  Here, the record establishes that the deposition transcript concerns prejudgment support payments and thus was collateral to the issue before the court.

Contrary to defendant's contention in appeal No. 2, the court did not abuse its discretion in denying defendant's motion for leave to renew.  Although a court has discretion to grant leave to renew, in the interest of justice, upon facts that were known to the movant at the time the original motion was made, "it may not exercise that discretion unless the movant establishes a 'reasonable justification for the failure to present such facts on the prior motion' " (*Robinson v Consolidated Rail Corp.*, 8 AD3d 1080, 1080, quoting CPLR 2221 [e] [3]; *see DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp.*, 120 AD3d 909, 911), and here defendant failed to provide a reasonable justification (*see DiPizio Constr. Co., Inc.*, 120 AD3d at 911; *Chiappone*, 96 AD3d at 1628).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court