■ In the Matter of NINA COURANT, Deceased. ERNEST D. COURANT, Appellant-Respondent; DAVID B. BERKOWITZ et al., Respondents-Appellants, et al., Respondent. [36 NYS3d 237]—

In a probate proceeding in which the co-executors of the decedent's estate petitioned pursuant to SCPA 2103 for the turnover of certain property on behalf of the decedent's estate, Ernest D. Courant appeals from so much of an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated December 23, 2013, as granted that branch of the motion of Lori Berkowitz Lax which was for summary judgment dismissing so much of the petition as sought to recover a certain viola, and Lori Berkowitz Lax cross-appeals from so much of the same order as denied that branch of her motion which was for summary judgment dismissing so much of the petition as sought to recover a certain violin.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The decedent, Nina Courant, died in 1991. Two of her children, Ernest D. Courant and Gertrude Courant Moser, were appointed co-executors of her estate. In 2013, Moser petitioned pursuant to SCPA 2103 to recover certain property in which the decedent allegedly had an interest. Specifically, the petition identified the property as a German violin and an Italian viola, which the decedent had allegedly loaned to Lori Berkowitz Lax and she had refused to return. The petition asserted causes of action sounding in conversion and to impose a constructive trust. In September 2014, Ernest D. Courant was substituted for Moser as the petitioner in this turnover proceeding. In April 2016, David B. Berkowitz and Susan M. Berkowitz, as administrators of the estate of Lori B. Lax, were substituted for Lori Berkowitz Lax as respondents in this turnover proceeding.

Contrary to the petitioner's contentions, the Surrogate's Court properly granted that branch of Lax's motion which was for summary judgment dismissing, as time-barred, so much of the petition as sought to recover the Italian viola. CPLR 214 (3) provides a three-year statute of limitations for a conversion cause of action, whereas CPLR 213 (1) provides a six-year statute of limitations for a cause of action to impose a constructive trust. Lax established that the petitioner was aware that she had claimed ownership of and repudiated the decedent's ownership of the Italian viola in 1989 and that he had been appointed co-executor of the decedent's estate on May 28, 1991. Given that evidence, Lax demonstrated that the statute of limitations for the causes of action alleging conversion and to impose a constructive trust relating to the Italian viola accrued no later than May 28, 1991. Since this petition was not filed until February 2013, Lax established, prima facie, that so much

of the petition as sought the turnover of the Italian viola was time-barred (*see Matter of Rokeach*, 101 AD3d 1022, 1024-1025 [2012]; *Matter of Bellingham*, 132 AD2d 973, 973 [1987]). In opposition, the petitioner failed to raise a triable issue of fact.

The Surrogate's Court properly denied that branch of Lax's motion which was for summary judgment dismissing so much of the petition as sought to recover the German violin. Here, it was undisputed that the decedent obtained possession of the German violin from a friend, Mrs. Hobson, and that Hobson's transfer of the German violin to the decedent created a gratuitous bailment (*see Foulke v New York Consol. R.R. Co.*, 228 NY 269, 275 [1920]; *Martin v Briggs*, 235 AD2d 192, 197 [1997]). A bailment is deemed to be a continuing contract until one of the parties terminates it, either by the bailor's removal of the property or by the bailee's notice to do so (*see Dupont v Joedon & Co.*, 107 AD2d 369, 372 [1985]; 9 NY Jur 2d, Bailments and Chattel Leases § 118). Lax did not establish that either Hobson or the decedent ever terminated that bailment relationship. Consequently, Lax failed to eliminate all triable issues of fact as to whether the decedent's estate had an interest in the German violin (*see* SCPA 103 [44]; 2103 [1], [2]). Additionally, Lax failed to demonstrate, prima facie, that the doctrines of judicial estoppel (*see Rosario v Montalvo & Son Auto Repair Ctr., Ltd.*, 76 AD3d 963, 964 [2010]; *cf. Mikkelson v Kessler*, 50 AD3d 1443, 1444 [2008]) or tax estoppel (*see Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422 [2009]) applied to preclude the petitioner from asserting an interest in the German violin on behalf of the estate. Since Lax failed to establish her prima facie entitlement to judgment as a matter of law with respect to the German violin, we need not consider the adequacy of the petitioner's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.