Castillo v TRM Contr. 626, LLC (2024 NY Slip Op 00126)

Castillo v TRM Contr. 626, LLC

2024 NY Slip Op 00126

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Renwick, P.J., Manzanet-Daniels, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 23185/19 Appeal No. 1413 Case No. 2023-01201 

[*1]Noel Castillo, Plaintiff-Respondent,
v
TRM Contracting 626, LLC, et al., Defendants-Appellants. [And Third-Party Actions]

O'Connor Redd Orlando LLP, New York (Peter Urreta of counsel), for appellants.
Shayne, Dachs, New York (Jonathan A. Dachs of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered February 23, 2023, which denied defendants' motion to renew plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
The motion court providently denied defendants' motion to renew based on the deposition testimony of plaintiff's foreman, as they failed to offer a valid excuse for not obtaining the foreman's deposition sooner or show due diligence in attempting to obtain his deposition before the submission of plaintiff's motion (see Taub v Art Students League of N.Y., 63 AD3d 630, 631 [1st Dept 2009]). Although the parties discussed deposition schedules before plaintiff made his motion, there is no indication that defendants sought to depose the foreman specifically, in which case they may have learned that he was no longer employed by the third-party defendant. We previously determined that plaintiff's summary judgment motion was not premature based on defendants' claim that they needed to depose the foreman, as they had not shown that they had noticed or sought his deposition and because it was unlikely that he would have relevant information (see Castillo v TRM Contr. 626, LLC, 211 AD3d 430, 431 [1st Dept 2022]).
In any event, even if considered, defendants fail to show that the foreman's testimony would have rendered a different result on plaintiff's motion (see Matter of Banow v Simins, 53 AD2d 542 [1st Dept 1976], lv dismissed 40 NY2d 989 [1976], cert denied sub nom Leibowitz v Simins, 430 US 968 [1977]). Plaintiff established prima facie entitlement to summary judgment based on his testimony and the affidavit of a coworker that he fell from an unsecured ladder in a closed position because he was unable to open it due to boxes obstructing the corner of the room where he was painting (see Castillo, 211 AD3d 430). The foreman's testimony established that he was at the job site on the date of the accident and that he looked into the rooms where people would be working, but he does not clearly state that he examined the specific room where the accident occurred on the morning of the incident, or that if he saw the room, he had sufficient knowledge of its obstructions at the time to determine whether the ladder could have been fully opened in the performance of plaintiff's work. He testified that he observed a pallet near the center of the room stacked with boxes, but he did not provide a basis for his conclusion that there would have been sufficient space for plaintiff to open his ladder fully had plaintiff faced the ladder in a different direction. In particular, the foreman did not contradict plaintiff's testimony that boxes in the corner where plaintiff was working, which were not on the pallet, prevented plaintiff from opening his ladder fully.
To the extent defendant sought renewal based on its assertion that Cutaia v Board of Mgrs. Of the 160/170 Varick St. Condominium (38 NY3d 1037 [2022]) represents a change [*2]in law, that argument was previously raised and rejected by this Court (see Castillo v TRM Contr. 626, LLC, 211 AD3d at 431), and we find no reason to reach a different result.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024