875 Riv. View Realty LLC v Marzullo (2026 NY Slip Op 50041(U))

[*1]

875 Riv. View Realty LLC v Marzullo

2026 NY Slip Op 50041(U) [88 Misc 3d 126(A)]

Decided on January 20, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 20, 2026
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.

570794/25

875 River View Realty LLC,
Petitioner-Respondent, 
againstJoanna Rose Marzullo,
Respondent-Appellant.

Respondent Marzullo appeals from (1) an order of the Civil Court of the City of New York,
New York County (Vanessa Fang, J.), dated August 8, 2024, denying her motion for summary
judgment dismissing the petition and (2) those portions of an order (same court and Judge), dated
December 3, 2024, which denied her motion to reargue and for partial summary judgment in a
holdover summary proceeding.

Per Curiam.
Order (Vanessa Fang, J.), dated August 8, 2024, affirmed, with $10 costs. Order (Vanessa
Fang, J.), dated December 3, 2024, insofar as it denied respondent's second motion for summary
judgment, affirmed, and the appeal therefrom, insofar as it denied reargument, dismissed, without
costs, as taken from a nonappealable order.
Civil Court properly denied respondent's motion for summary judgment dismissing the
holdover petition. The dismissal of a prior holdover proceeding commenced by 25 Indian Road
Owners PC for lack of standing was not a final determination on the merits for res judicata
purposes (see Pullman Group LLC v Prudential Ins. Co. of Am., 297 AD2d 578 [2002],
lv dismissed 99 NY2d 610 [2003]). Thus petitioner, the proprietary lessee of the
apartment, is not precluded from maintaining this proceeding (see Homelink Intl. Inc. v Law Offs. of
Sanjay Chaubey, 242 AD3d 455, 456 [2025]).
Nor has respondent demonstrated as a matter of law that the proceeding has been rendered
moot by the execution of a renewal lease between the parties, since triable issues are raised as to
the bona fides of this renewal lease, which petitioner expressly denies offering (see Park Towers S. Co., LLC v
Mandal, 63 Misc 3d 134[A], 2019 NY Slip Op 50471 [App Term, 1st Dept 2019]).
Likewise, respondent's submissions were insufficient as a matter of law to meet her affirmative
obligation of establishing that she resided in the subject apartment for the requisite period
immediately prior to her parent's death (see 9 NYCRR 2523.5 [b] [1]) .
Respondent's second motion for partial summary judgment was properly denied. Respondent
failed to demonstrate the applicability of any exception to the general rule that "[s]uccessive
motions for summary judgment should not be entertained" (Jones v 636 Holding [*2]Corp., 73
AD3d 409, 409 [2010]). Respondent's second summary judgment motion was admittedly
based on evidence available to her at the time she filed her initial motion (see Lorne v 50 Madison Ave. LLC, 198
AD3d 483 [2021]) and was properly rejected for failure to show due diligence in attempting
to obtain the record before the submission of the prior motion (see Taub v Art Students League of NY,
63 AD3d 630, 631 [2009]). For these same reasons, the second motion will not be
treated as a motion to renew the first summary judgment motion (see Elizon Master Participation Trust I,
U.S. Bank Trust N.A. v Ali, 237 AD3d 580, 581 [2025]; Taylor v Brooklyn
Hosp., 187 AD2d 714, 715 [1992]). 
In any event, denial on the merits of the second motion would be warranted. On this record,
the misdescription of the regulatory status of the apartment "cannot be ascribed to a venal
motive" (546 West 156th Street HDFC v
Smalls, 43 AD3d 7, 11 [2007]).
The appeal from the remainder of the December 3, 2024 order is dismissed, as no appeal lies
from the denial of a motion for reargument (see Brito v Allstate Ins. Co., 135 AD3d 568, 569 [2016]).
We have considered respondent's remaining contentions and find them unpreserved and/or
without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: January 20, 2026