Brown v State of New York

2026 NY Slip Op 02740

May 1, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

KIM SUE BROWN, FORMERLY KNOWN AS KIM DADOU, CLAIMANT-APPELLANT,

v

STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 141447.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on May 1, 2026

92 CA 24-02025

Present: Lindley, J.P., Curran, Ogden, Greenwood, And Hannah, JJ.

CONNORS LLP, BUFFALO (TERRENCE M. CONNORS OF COUNSEL), FOR CLAIMANT-APPELLANT.

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BEEZLY J. KIERNAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeal from an order of the Court of Claims (J. David Sampson, J.), entered November 8, 2024. The order denied the motion of claimant for leave to renew and reargue, inter alia, her opposition to defendant's motion to dismiss the claim.

[*1]

It is hereby ORDERED that the appeal from the order insofar as it denied leave to reargue is unanimously dismissed and the order is affirmed without costs.

Memorandum: Claimant commenced this action pursuant to the Adult Survivors Act (ASA) (see CPLR 214-j) seeking damages for alleged rape and sexual assault inflicted upon her while she was incarcerated at Albion Correctional Facility between 1995 and 2008. The verified claim was filed on November 21, 2023, and served on the Office of the Attorney General (OAG) on November 27, 2023. The Court of Claims granted the motion of defendant, State of New York (State), to dismiss the claim for lack of jurisdiction on the ground that the State was not timely served with the claim, and denied claimant's cross-motion for leave pursuant to Court of Claims Act § 10 (6) to file a late claim. Claimant now appeals from an order denying claimant's motion for leave to renew and reargue the State's motion and claimant's cross-motion.

At the outset, we note that the appeal from the order insofar as it denied that part of claimant's motion seeking leave to reargue must be dismissed because no appeal lies therefrom (see McGirr v Zurbrick [appeal No. 2], 217 AD3d 1462, 1463 [4th Dept 2023], lv denied 41 NY3d 902 [2024]; MidFirst Bank v Storto, 121 AD3d 1575, 1575 [4th Dept 2014]; Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]).

Of course, claimant may appeal as of right from that part of the order that denied her motion insofar is it seeks leave to renew (see CPLR 5701 [a] [2] [viii]). Nonetheless, we conclude that the court did not abuse its discretion in denying claimant's motion insofar as it seeks leave to renew. "[A] motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and shall contain reasonable justification for the failure to present such facts on the prior motion" (2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd., 206 AD3d 1607, 1607-1608 [4th Dept 2022] [internal quotation marks omitted]; see CPLR 2221 [e] [2]-[3]). As the moving party, claimant "bore the burden of proving that the new evidence [she] sought to present could not have been discovered earlier with due diligence and would have led to a different result" (Fusion Funding v Loftti Inc., 216 AD3d 1416, 1417 [4th Dept 2023] [internal quotation marks omitted]; see Centerline/Fleet Hous. Partnership, L.P.—Series B v Hopkins Ct. Apts., LLC, 176 AD3d 1596, 1598 [4th Dept 2019]).

Here, we conclude that the part of claimant's motion for leave to renew was not based upon new facts not offered on the prior motion and cross-motion, but rather on evidence [*2]corroborating the facts alleged in opposition to the prior motion. Specifically, in connection with the prior motion and cross-motion, claimant sought to show that she had timely served OAG on November 24, 2023, albeit after normal business hours, under Court of Claims Act § 11 (a) (i), inasmuch as the verified claim had been mailed to OAG and was available for pickup by November 24, 2023, but that OAG did not pick up mail that day. The court rejected that argument on the original motion and cross-motion, noting that claimant had not properly substantiated her assertions with respect to the mailing of the claim to OAG. In support of her request for leave to renew, claimant submitted affidavits from employees of her prior counsel, who attempted to substantiate claimant's assertions about the mailing of the claim by repeating hearsay statements of postal employees. We conclude that the court did not err in denying leave to renew inasmuch as the purportedly new evidence was mere hearsay (see Wells Fargo Bank, N.A. v Mone, 185 AD3d 626, 630 [2d Dept 2020]; Taub v Art Students League of N.Y., 63 AD3d 630, 631 [1st Dept 2009]; Marine Midland Bank v Hall, 74 AD2d 729, 729 [4th Dept 1980]). Further, even assuming, arguendo, that claimant's submissions constituted new facts, she provided no reasonable justification for her failure to provide such evidence at the time of the first motion and cross-motion. "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Heltz v Barratt, 115 AD3d 1298, 1300 [4th Dept 2014], affd 24 NY3d 1185 [2014] [internal quotation marks omitted]; see Welch Foods v Wilson, 247 AD2d 830, 831 [4th Dept 1998]). Consequently, in the absence of a reasonable justification for the failure to offer the "new facts" on the prior motion and cross-motion, the court could not exercise its discretion to grant claimant's motion to renew (see Fusion Funding, 216 AD3d at 1417; Mura v Mura, 133 AD3d 1324, 1325-1326 [4th Dept 2015]).

Claimant further contends that the court erred in denying leave to renew with respect to her cross-motion for leave to file a late claim inasmuch as a recent amendment to the Court of Claims Act obviated the requirement that she move for leave to file a late claim prior to the expiration of the relevant limitations period (see Court of Claims Act § 10 [10] [ii], as amended by L 2024, ch 153 [eff. June 28, 2024]; see generally CPLR 2221 [e] [2]; Court of Claims Act § 10 [6]; Carey v State of New York, 207 AD3d 1194, 1195 [4th Dept 2022]). We reject that contention. We note that the recent amendment to the Court of Claims Act provides, as relevant here, that section 10 "shall not apply to . . . any civil claim or cause of action revived pursuant to [the ASA]" (§ 10 [10] [ii]). Here, however, the claim and claimant's cross-motion to file a late claim were not precluded as a result of Court of Claims Act § 10, but rather due to claimant's failure to properly file and serve the claim pursuant to Court of Claims Act § 11, within the relevant limitations period of CPLR 214-j, and those provisions are unaffected by the recent amendment. Consequently, we conclude that the court properly denied leave to renew here inasmuch as claimant did not "demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221 [e] [2]).

Entered: May 1, 2026

Ann Dillon Flynn

Clerk of the Court